## HARP v. UNITED STATES.

## HORN v. UNITED STATES (two cases).

## REED v. UNITED STATES.

## PUCKETT v. UNITED STATES.

## HYDEN v. UNITED STATES.

## HARRIS v. UNITED STATES.

## WOODS v. UNITED STATES.

Nos. 1581, 1573, 1576, 1571, 1568, 1565, 1547, 1534.

District Court, W. D. Arkansas, Ft. Smith Division.

Feb. 5, 1932.

W. N. Ivie, U. S. Atty., of Ft. Smith, Ark.

YOUMANS, District Judge.

This is a suit by plaintiff upon a war risk insurance policy. He alleges that he enlisted in the United States Army on the 30th day of October, 1917, and that he was honorably discharged on the 14th of February, 1919. He also alleges that, while he was in the military service and while his insurance policy was in full force and effect, he became permanently and totally disabled.

On December 30, 1931, the United States attorney, for the defendant, filed a motion to require the plaintiff to make his complaint more definite and certain, with reference to the denial of his claim, and to require him to exhibit and file the letter evidencing such denial. On December 31, 1931, the plaintiff, without waiting for a decision upon that motion, filed an amendment to his complaint and set out therein the letters which he alleged constituted the denial. A letter dated October 21, 1931, reads as follows:

"Mr. Edward L. Harp, Van Buren, Arkansas.

"Dear Sir: This is with further reference to the above entitled claim. You are informed that a decision has been rendered by the Insurance Claims Council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at a time when the contract of insurance was in force, and therefore the claim has been denied.

"The claimant may appeal from the decision to the Administrator of Veterans' Affairs by giving notice in writing to this of-

fice within sixty days from date of this letter. If claim is not appealed within the time limit, the council's decision will be referred for approval to the Administrator of Veterans' Affairs. By direction,
"[Signed]  H. L. McCoy,
"Director of Insurance."

Another letter dated November 16, 1931, reads as follows:

"Mr. Edward L. Harp, Van Buren, Arkansas.

"Dear Sir: This is with further reference to the above entitled claim. You have been informed that a decision was rendered on October 13, 1931, by the Insurance Claims Council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at a time when the contract of insurance was in force and therefore the claim has been denied.

"You may consider such denial final for the purposes of instituting suit under section 19 of the World War Veterans Act, 1924, as amended.

"If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C. to your last address of record.

"Your case folder is being forwarded to the Veterans Administration at Little Rock, Arkansas. Any further inquiries concerning your claim should be directed to that office. The letter forwarded to you under date of October 21, 1931, is amended accordingly.
"By direction,
"[Signed]  H. L. McCoy,
"Director of Insurance."

In reply to the foregoing letter the plaintiff sent the following letter:

"Mr. H. L. McCoy, Director of Insurance,
Veterans' Administration, Washington, D. C.

"Dear Sir: You are hereby notified that pursuant to the notice under date of November 16, 1931, received from you, of the final denial of my claim for insurance benefits by the Insurance Claims Council on the ground that the evidence is not sufficient to establish as a fact that I was totally and permanently disabled at a time when the contract of insurance was in force, I hereby accept in accordance with your suggestion such denial as final for the purpose of instituting

suit under section 19 of the World War Veterans Act, 1924, as amended.

"We are forwarding a copy of this letter to the Veterans Administration, Little Rock, Arkansas, in accordance with your suggestion that future communications concerning my claim be addressed to that office.

"Edward L. Harp,
"By Theron Agee, His Attorney."

On January 27, 1932, the United States attorney filed a special plea and motion to dismiss for lack of jurisdiction, which, omitting caption and signature, reads as follows:

"Comes the above named defendant, by its attorney, and for special plea and motion to dismiss the above action states:

"That the original complaint was filed herein December 24, 1931, and amendment to the complaint was filed December 31, 1931, in which it is alleged that claim for insurance benefits was made by plaintiff on the 14th of May, 1931. That said claim was refused and denied under date of October 21, 1931, by a letter addressed to plaintiff and purporting to have been signed by H. L. McCoy, Director of Insurance, Veterans Administration, Washington, D. C.

"That said denial is not sufficient to constitute a disagreement in this action, or to give the court jurisdiction to hear and determine said cause of action. That there has never been any denial of any claim by the plaintiff for insurance benefits by the Director of the Veterans Bureau or Administrator of Veterans Affairs, or by any one acting in the name of said Director on an appeal to him. Therefore, there is no disagreement as provided by law.

"Wherefore, defendant moves that plaintiff's cause of action be dismissed for the want of jurisdiction in this court to hear and determine same."

The Act of May 29, 1928 (45 Stat. 964), made no statement with reference to disagreement. Section 19 of the Act of June 7, 1924 (U. S. Stat., vol. 43, p. 612), contains the following provision: "In the event of disagreement as to claim under a contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such beneficiaries or any one of them resides."

The foregoing section was amended by the Act of March 4, 1925, § 2 (43 U. S. Stat. 1302) to read as follows: "In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

See, also, section 445, title 38, U. S. C. (38 USCA § 445).

That section was further amended by the Act of July 3, 1930 (U. S. Stat. 1929–1930, vol. 46, p. 992, § 4 [38 USCA § 445]) to read as follows: "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

The same section was further amended in the Act of July 3, 1930, and now contains the following paragraph: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter [the World War Veterans Act 1924 as amended]."

This suit was brought after the passage of the Act of July 3, 1930. Under that act it is specifically stated that "the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

The letter of October 21, 1931, stated that an adverse decision to plaintiff's claim had been rendered by the insurance claims council. It also stated that the claimant might appeal from that decision to the Administrator of Veterans' Affairs, and it further stated that, if he did not so appeal, the decision

would be referred to the Administrator of Veterans' Affairs.

Under an Act of Congress approved July 3, 1930 (46 Stat. 1016 [38 USCA § 11 et seq.]), entitled "An Act To authorize the President to consolidate and coordinate governmental activities affecting war veterans," there was created an establishment to be known as the Veterans' Administration. The United States Veterans' Bureau was included with others in the establishment thus created. Section 2 of that act (38 USCA § 11a) contains the following sentence: "Upon the establishment of such Veterans' Administration all the functions, powers, and duties now conferred by law upon the Commissioner of Pensions, the Board of Managers of the National Home for Disabled Volunteer Soldiers, and the Director of the United States Veterans' Bureau are hereby conferred upon and vested in the Administrator of Veterans' Affairs."

The letter of October 21, 1931, recognized the change of name from Director of the Veterans' Bureau to Administrator of Veterans' Affairs.

By letter of November 6, 1931, the plaintiff was informed that he might consider the denial by the insurance claims council as final for the purpose of instituting suit under section 19 of the World War Veterans' Act 1924, as amended.

Neither the writer of that letter nor any one else was authorized by statute to waive any of the terms of the requirements to jurisdiction imposed under section 19 of the World War Veterans' Act of 1924, as amended by the Act of July 3, 1930, 46 U. S. Stat. at Large, 991, 992 and 993. The paragraph above quoted from that section, as amended, specifically states that the denial must be by the director, now Administrator of Veterans' Affairs, or some one acting in his name, on an appeal to the director, now Administrator of Veterans' Affairs. Jurisdiction cannot be conferred by the acceptance of the claimant of the decision as final of any individual or board, unless such individual acts in the name of the administrator of Veterans' Affairs on an appeal to him. There was no such appeal in this instance. Therefore there was no disagreement which would confer jurisdiction on this court. The plea to the jurisdiction is therefore sustained, and the complaint will be dismissed.

The foregoing opinion applies to the demurrer to complaint in No. 1573, Horn v. United States; also to demurrer to complaint in No. 1576, Horn, Adm'x, v. United

States; also to demurrer to the complaint in No. 1571, Reed v. United States; also to demurrer to complaint in No. 1568, Puckett v. United States; also to demurrer to complaint in No. 1565, Hyden v. United States; also to demurrer to the complaint in No. 1547, Harris v. United States; also to demurrer to complaint in No. 1534, Woods v. United States.