## ALBEK v. UNITED STATES.

### No. 5304.

District Court, E. D. New York.

Nov. 10, 1933.

Maxwell N. Rudaw, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and Joseph H. San, of New York City, Atty. United States Department of Justice, of counsel), for the United States.

BYERS, District Judge.

This is an action under the War Risk Insurance Act and the World War Veterans' Act (38 USCA § 421 et seq.), based upon the plaintiff's claim to insurance benefits under his war risk insurance policy, which the petition alleges was kept in full force and effect by premium payments and operation of law until on or about August 31, 1926. Total disability is alleged prior to the last mentioned date.

The petition was verified September 1, 1932, and filed in this court on September 6, 1932.

Paragraph first avers that the plaintiff is a resident of Brooklyn in this judicial district.

Paragraph seventh alleges that the plaintiff became entitled to the benefits of the insurance as above stated, and that he has made demand for payment, which has been refused, and "disagreement now exists between the parties as contemplated by law."

An answer was verified February 6, 1933, taking issue, among other things, with the allegations of the first and seventh paragraphs, and pleading, as a separate and distinct defense, the statute of limitations.

The case was duly noticed for trial and note of issue was filed on February 8, 1933.

Apparently the case was reached for trial in due course and answered "ready" for the defendant on several occasions, but finally was marked off at the request of the plaintiff's attorneys. When this took place, the affidavits do not disclose. It is said that a notice of trial for the November, 1933, term has been served by the plaintiff, and, by affidavit filed October 20th, plaintiff's attorney gave notice of motion for an order directing that the petition filed as stated on September 6, 1932, be deemed to have been filed as of October 13, 1932, and the motion arising thereunder was adjourned to November 1, 1933.

By affidavit verified October 27th, the defendant has made a motion, returnable November 1, 1933, for an order dismissing the petition for the reason that the action was brought prior to the date of the disagree-

ment, and that the plaintiff did not reside in the Eastern District of New York and hence this court is without jurisdiction in the action.

The information as to the plaintiff's residence seems to have been obtained on or about October 25, 1933, when a bill of particulars was served on his behalf, pursuant to demand made October 17, 1933, and in that it is shown that "to the best of plaintiff's recollection, he resided at 329 East 73rd Street, Borough of Manhattan, City of New York."

The question of the timeliness of the plaintiff's action is the most important one presented by the motion. It appears from the bill of particulars that the plaintiff filed his claim for payment under his policy on June 29, 1931; namely, on that date, he "made demand addressed to Frank E. Hines, Administrator of Veterans Affairs, Washington, D. C."

Apparently that demand was dated four days prior to the expiration of the time within which a claim might be made under the applicable provisions of the statute enacted for World War veterans' relief (World War Veterans' Act 1924, as amended July 3, 1930, title 38 U. S. C. § 445 [38 USCA § 445]).

This gives the plaintiff the benefit of the entire time which elapsed between the commencement of the 30th day of June, 1931, and the expiration of the entire day of July 3, 1931.

■ Action by the Veterans' Bureau upon his claim is said, in the bill of particulars, not to have been taken until May 21, 1932, when a letter was directed to him, signed by the Director of Insurance. The date of receipt of that letter is not stated in the bill of particulars and, under the decision of Creasy v. U. S. (D. C.) 4 F. Supp. 175, for reasons therein convincingly stated, the duty of beginning suit would not arise until the receipt of that letter.

It is unnecessary to take testimony on that point, however, because, while that letter is stated elsewhere in the motion papers to have contained the clause, "This may be treated as a letter of disagreement if you desire it to institute suit in the U. S. District Court," and to have been signed by H. L. McCoy, Director of Insurance, it appears to have been the subject of an appeal which resulted in a letter dated October 7, 1932, affirming the conclusions stated, which latter letter was received, according to the bill of particulars, on or about October 12, 1932.

■ The contention offered by the defendant is that there was no disagreement until the date of the receipt of the last mentioned letter, which embodied a decision of the Administrator's Board of Appeals, and consequently, when the petition was filed on September 6, 1932, no disagreement existed.

There seems to be no escape from the conclusion that this is so. Had the plaintiff not taken an appeal from the letter dated May 21, 1932, he might have urged (without success if Harp v. U. S. (D. C.) 2 F. Supp. 32, were followed) that it constituted a disagreement sufficient to sustain his petition; but, in order to do that, he would have to show that the petition was filed within four days after receipt of that letter. While the presumption is that that letter was delivered in due course and long prior to September 2, 1932, the plaintiff would be given an opportunity to show the date of actual receipt and the matter would not be disposed of on motion; but, as he relies upon the letter dated October 7, 1932, for his disagreement, by moving to have this cause postdated as to its filing, it is apparent that the defendant's motion must be decided upon the theory held in common by the plaintiff and the defendant, that the disagreement did not arise until the receipt of the letter of October 7, 1932.

The necessity for the existence of a disagreement is clearly stated in the statute, and has been repeatedly recognized in the decisions of the courts. See, among other cases: Mara v. U. S. (D. C.) 54 F.(2d) 397, and U. S. v. Peters (C. C. A.) 62 F.(2d) 977.

■ The infirmity of the plaintiff's position is the basis for the motion which he makes to postdate this action so that he may be permitted to benefit by the disagreement which was not in legal existence at the time the petition was filed.

It must be apparent that the court does not possess the power to grant that motion, for the allegation of disagreement speaks as of the date that it was asserted, by the act of filing, and an order which would provide that it be deemed to have been made at another time, would not alter the fact. If the court thus could retard the date of the allegation, it could advance it, and so afford suitors an easy and convenient method to nullify a statute of limitations. It must be apparent that the courts possess no such power, for which reason the plaintiff's motion must be denied.

The defendant's motion to dismiss is granted, on the ground that it has been made

affirmatively to appear that, when the petition was filed, no disagreement existed.

The plaintiff complains somewhat at length of the treatment that he has been accorded by the various attorneys who have represented him; in order that there might be a full record on this aspect of the case, the court afforded to his first attorney of record an opportunity to file an affidavit setting forth all the facts pertaining to the commencement of this case, which has been done. An examination thereof reveals that the plaintiff is mistaken in much that he says in his opposing affidavit verified October 31, 1933. These matters bear largely upon the question of the venue of this action, which is the second aspect of the defendant's motion.

In view of the granting of the latter to the extent herein indicated, it is unnecessary to consider the other matters presented, and an order may be entered in accordance with the foregoing, which will dispose of both the plaintiff's and the defendant's motions as indicated, to be settled on two days' notice.