## TYSON v. UNITED STATES.

No. 192. Argued January 7, 1936.—Decided February 3, 1936.

*Mr. J. Melville Broughton,* with whom *Mr. Wm. H. Yarborough, Jr.,* was on the brief, for petitioner.

*Mr. Will G. Beardslee,* with whom *Solicitor General Reed* and *Messrs. Wilbur C. Pickett, Randolph C. Shaw,* and *W. Marvin Smith* were on the brief, for the United States.

By leave of Court, *Mr. Warren E. Miller* filed a brief, as *amicus curiae,* supporting the position of petitioner.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Petitioner, Tyson, sued to recover total permanent disability benefits under a war risk term insurance contract,

kept in force by premium payments while the insured remained in service. The petition, filed November 17, 1932, alleged that disability had existed ever since the claimant's discharge from the Army, December 18, 1918.

The trial court dismissed the cause for want of jurisdiction, being of opinion that it was not instituted within the prescribed time. The Circuit Court of Appeals affirmed the judgment.

July 3, 1931, Tyson filed his claim with the Veterans' Administration. November 16, 1932, he received from it a letter, dated November 12, 1932 and mailed at Washington November 14, 1932, which stated that this had been denied. Also—"You may consider such denial final for the purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended. If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to your last address of record."

The question for decision is whether the petitioner brought suit within the time permitted by § 19, Act of 1924, as amended. § 445, title 38, United States Code; c. 849, § 4, 46 Stat. 992, approved July 3, 1930.

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date, . . . : *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is sus-

pended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

Manifestly, suit was not begun within six years after the right accrued, or within one year after July 3, 1930. Permission to sue had expired unless the limitation was suspended between the filing on July 3, 1931 and November 17, 1932, when proceedings began in the trial court.

Whether the denial occurred November 12th, the date given the letter of advice, or November 14th, when this was mailed, or November 16th, when the claimant actually received it, although much debated by counsel, we need not consider.

The statute provides: No suit . . . shall be allowed . . . unless . . . brought within six years after the right accrued . . . or within one year after July 3, 1930, whichever is the later date. But this limitation was suspended by the proviso for the period between the filing and denial of the claim.

In any view, the denial occurred not later than November 16th, 1932. And, with that day, the suspension of the statute ended—certainly the period between July 3, 1931 and November 16, 1932 did not extend beyond the latter day. The plain words employed by Congress require-this conclusion. Suit was not begun until the 17th, and that was too late.

*Affirmed.*