## UNITED STATES v. GREEN.

### No. 6955.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

Randolph C. Shaw, of Washington, D. C. (C. P. J. Mooney, of Memphis, Tenn., Will G. Beardslee, of Washington. D. C., William McClanahan, of Memphis, Tenn., and Wilbur C. Pickett, of Washington, D. C., on the brief), for appellant.

J. S. Edmondson, of Memphis, Tenn. (Dixon, Williams & Edmondson and Wm. C. Bateman, all of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

This is a war risk insurance case. Both parties moved for a directed verdict. The court instructed the jury to return a verdict in favor of appellee, Ruth Green, individually, and as administratrix of the estate of Henry Green, the deceased veteran. The United States appealed. The assignments of error raise the question whether the suit was barred by the statute of limitations, section 445, tit. 38 U.S.C. (38 U.S.C.A. § 445), chapter 849, § 4, chapter 863, §§ 1, 2, 46 Stat. 992, 1016, approved July 3, 1930.

The pertinent clause of section 445 reads:

"That this limitation [i. e., the requirement that suit be brought within one year after July 3, 1930] is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the *denial* of said claim by the Administrator of Veterans' Affairs." (Italics ours.)

Appellee made formal claim to the United States Veterans' Bureau under date of June 29, 1931. Her claim was stamped: "Rec'd. July 3, 1931. Mail Sub. Div. U. S. V. B. Reader 34, 12 o'clock." The return receipt for registered article No. 17560 by which the claim was forwarded to Washington, showed, however, that it was received by F. B. Weckerly, Registry Clerk, at the U. S. Veterans' Bureau at 4 p. m. on July 2, 1931. The claim was rejected by letter dated February 2, 1932, and received by appellee at Memphis, Tenn., on February 5th.

The action of the court in directing a verdict for the plaintiff was necessarily based on the view that the claim was received in the Bureau on July 2d. Having filed her claim on July 2, 1931, which was one day prior to the last date for filing claims (38 U.S.C. § 445 [38 U.S.C.A. § 445], supra) appellee had one day after the denial of her claim within which to sue. United States v. Craig, 83 F.(2d) 361, 363 (C.C.A. 7); Corn v. United States, 74 F.(2d) 438, 439 (C.C.A. 10); United States v. Gower, 71 F.(2d) 366, 369 (C.C.

A. 10); Weaver v. United States, 72 F. (2d) 20, 22 (C.C.A. 4).

On January 29, 1932, the Insurance Claims Council rendered a decision denying the claim. On February 2d following, the Director of Insurance wrote to appellee, informing her of the decision of the Council. The letter continued:

"You may consider such denial final for the purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended.

"*If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to your last address of record.*" (Italics ours.)

Appellee had awaited this letter many months. Immediately upon its receipt, on February 5th, she took it to her attorney who at once procured her appointment as administratrix of the estate of her deceased husband.

Her petition, properly verified, and the affidavit prerequisite to the allowance of the prosecution of her suit as a poor person, was presented to the District Court on February 5th. The court directed that the suit might be prosecuted without prepayment of fees or costs, but instead of filing the petition on that date with the clerk of the court, as required by title 28, § 762, U.S.C. (28 U.S.C.A. § 762), appellant delivered it to an Assistant District Attorney, who indorsed it "Service accepted this Feb. 5th 1932" and promised to file it immediately with the clerk, but from neglect, oversight, or some other reason not material, it was not filed with the clerk of the court until the next day, February 6th. Under the letter of the statute (supra), it must be determined that her suit was commenced on February 6th. The question then is, When did the suspension of the statute (38 U.S.C. § 445 [38 U.S.C.A. § 445], supra) terminate and when did the statute itself again begin to run? This is to be determined by the interpretation to be placed upon the word "denial." We need not concern ourselves with the date of the decision of the Insurance Claims Council because the suspension period closed with the denial by the Administrator of Veterans' Affairs. This was either on the date that the Administrator determined that the claim would be disallowed, as claimed by the government, not later than February 2d, the date of the letter, or the date the claimant was advised of the Administrator's act by receipt of the letter of denial, February 5th.

Appellee insists that the suspension period of the statute did not expire until February 5th and we think her contention should be sustained. The word "denial" is susceptible of different meanings. As used in the statute, it signifies something more than an intra-departmental act; it implies a communication of the intra-departmental act or decision to the party making the claim. This is a reasonable interpretation and in harmony with the spirit and purposes of the World War Veterans' Act. It is supported by Bureau Regulation No. 3107 in effect when appellee's claim was acted upon. This regulation was the basis of the Director's letter. This view is sustained in United States v. Walker, 77 F. (2d) 415, 416 (C.C.A. 5); United States v. Tarrer, 77 F.(2d) 423, 425 (C.C.A. 5); United States v. Gower, supra; and Creasy v. United States, 4 F.Supp. 175, 177 (D. C.).

It was certainly never intended that claimants should, either in person or by representatives, attend upon the Director and await his disposition of their claims. Long prior to the enactment of the statute of limitations involved, which was an amendment of section 19 of the World War Veterans Act of 1924, the Bureau had adopted the United States mail as the medium through which its business was to be transacted. The very form, No. 579, upon which appellee was required to present her claim, provided that she give her "permanent home address," which was 583½ Polk street, Memphis, Tenn. This meant, of course, that in all matters pertaining to the claim she would be reached through that address.

The opinion in Tyson v. United States, 76 F.(2d) 533 (C.C.A. 4) decides that a claim is "denied" by the Director when he takes action denying it and not when notice of denial is received by the claimant. We have given consideration to the reasoning of the Tyson Case and are not in accord. The point was not considered by the Supreme Court. Tyson v. United States, 297 U.S. 121, 56 S.Ct. 390, 80 L. Ed. 520.

We conclude that there remained to appellee one day after February 5th within

which to bring her action and that its commencement on February 6, 1932, was timely.

Judgment affirmed.