## ROBINSON v. UNITED STATES.

### No. 7910.

Circuit Court of Appeals, Fifth Circuit.

July 28, 1936.

Elton Cruse, of Beaumont, Tex., for appellant.

Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., S. D. Bennett, U. S. Atty., of Beaumont, Tex., and D. Vance Swann, Atty., Bureau of War Risk Litigation, of Dallas, Tex., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to recover on a policy of war risk insurance, alleging payment of premiums through June, 1920,

total and permanent disability existing before that time, and a disagreement resulting from a letter dated November 9, 1931, rejecting his claim. At the close of plaintiff's evidence, on motion of the United States, a verdict was directed dismissing the suit on the sole ground that the evidence was not sufficient to establish final denial of plaintiff's claim for insurance benefits, and therefore the court did not have jurisdiction to entertain the suit. This appeal followed.

Appellee moved to dismiss the appeal on these grounds: (1) That the appeal was not taken in time; (2) that the assignment of errors was not filed with the petition for appeal; and also moved to strike the bill of exceptions, on the ground that it does not contain all the evidence.

It appears the judgment was entered on March 15, 1935, and on April 5, 1935, appellant petitioned for leave to prosecute his appeal in forma pauperis. An order permitting him to do so was entered on April 10, 1935. This was sufficient to allow the appeal and was timely. The second ground for dismissal is based on our rule 11, which provides that appellant shall file with the clerk of the court below, with his petition for appeal, an assignment of errors, and no appeal shall be allowed until such assignment of errors is filed. The rule was not complied with, but we have repeatedly held that the rule will not be rigidly enforced where the rights of appellee would not be affected and injustice would result to appellant. Such is the case here presented. The motion to dismiss is denied. The bill of exceptions is authenticated by the signature of the judge and contains all the evidence necessary to consider the ruling of the court on the motion to direct the verdict. Since neither the court nor the jury passed upon the merits of the case, the bill of exceptions is sufficient. The motion to strike is denied.

It appears that appellant filed his claim with the Veterans' Bureau on April 20, 1931. By letter dated September 12, 1931, signed H. L. McCoy, Director of Insurance, he was informed that a decision had been rendered by the insurance claims council that the evidence was not sufficient to establish total and permanent disability at a time when the insurance was in force, and the claim had been denied. The letter further advised him that he could appeal from the decision to the Administrator of Veterans' Affairs by giving notice in writing 60 days from date of the letter. In response to this, on October 28, appellant's counsel wrote to McCoy asking advice as to how to proceed with the appeal, but this letter was in no sense an appeal from the decision of the council. Under date of November 9, 1931, another letter signed H. L. McCoy, Director of Insurance, was sent to appellant, which informed him that his claim had been denied and he might consider the denial final for the purpose of instituting suit; and that the letter of September 12, 1931, was amended accordingly.

In United States v. Earwood, 71 F.(2d) 507, decided June 12, 1934, we held that a disagreement did not exist until the soldier had exhausted his administrative remedies of appeal. After that Congress passed the Act of January 28, 1935 (38 U.S.C.A. § 445c) which provided that the rejection of a claim for insurance by any employee or agency of the Veterans' Administration designated therefor by the Administrator would be considered a disagreement. The statute was made retroactive to July 3, 1930 and applicable to pending cases. The Supreme Court granted certiorari in the case of U. S. v. Earwood, supra, and by a per curiam decision, vacated our judgment and remanded the case for trial on the merits. Earwood v. U. S., 294 U.S. 695, 55 S.Ct. 511, 79 L.Ed. 1233, decided February 11, 1935.

Appellee admits that the letter of November 9, 1931, would be sufficient to show a disagreement, but contends that there had been no final decision because appellant had taken an appeal to the Administrator and it was still pending when suit was filed. This contention is wholly untenable.

Appellee contends that the statute of limitations had run before the suit was filed. That question was not raised in the District Court, nor is it raised here except in the brief, but we may consider and decide it. In support of the contention, it is pointed out that it is alleged that the right of action accrued not later than June, 1920, and the claim was not filed until April 20, 1931, at which time the statute had only 44 days to run. The statute was suspended while the claim was pending before the Veterans' Bureau, but the suspension terminated on November 9, 1931, or two days later, when the letter should have been received. This suit was instituted December 31, 1931, which was 52 days after the claim was denied. Under the decision in

Tyson v. U. S., 297 U.S. 121, 56 S.Ct. 390, 80 L.Ed. 520, decided February 23, 1936, the plea was good, but since then Congress has again come to the rescue of the veterans by adopting the Act of June 29, 1936, § 404 (38 U.S.C.A. § 445d), which provides that in addition to the suspension of limitation for the period between the filing of the claim and denial thereof, the claimant shall have 90 days from the date of the mailing of notice of such denial in which to file suit. The act is made retroactive and effective as of July 30, 1930, and applies to all pending suits. Since this suit was filed within 90 days after the date of the letter rejecting the claim, it was not barred by limitation.

No doubt neither the Act of January 28, 1935, nor the decision in Earwood v. U. S., 294 U.S. 695, 55 S.Ct. 511, 79 L.Ed. 1233, was brought to the attention of the District Court before judgment was entered in this case. The Act of June 29, 1936, had not then been adopted. Because of these statutes the judgment must be reversed.

Reversed and remanded.