## DOWELL v. UNITED STATES.
### No. 8071.

Circuit Court of Appeals, Fifth Circuit.
Oct. 21, 1936.

Anderson G. Ulmer, of Savannah, Ga., for appellant.

Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., and Dunbar Harrison, Asst. U. S. Atty., of Savannah, Ga., for the United States.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The action of Alphene W. Dowell as administrator of Robert Grayson on the latter's war risk insurance policy by which he sought to recover both disability benefits accruing before Grayson's death and installments accruing after the death of the nominated beneficiaries was dismissed on a demurrer which questioned the court's jurisdiction. The material facts alleged are these: Grayson was discharged from the army June 3, 1919, totally and permanently disabled. He died January 22, 1921, without having made any claim. His mother, who was one of the nominated beneficiaries, had already died. His second wife was the beneficiary of the other half of the insurance, and she died June 1, 1926, having made no claim. The administrator was appointed in 1934, but as an attorney at law had filed what is alleged to be a claim on July 18, 1932, which was denied March 23, 1935. Besides his mother and wife Grayson left a son by a former marriage who became of age July 25, 1931, and he is the person now solely entitled to receive Grayson's personal estate. The suit was filed April 12, 1935.

The sole question argued is whether the suit was filed in time to come within the permission of the sovereign expressed in section 19 of the World War Veterans' Act as amended (38 U.S.C.A. § 445). The provision reads: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs."

The act approved June 29, 1936 (chapter 867, § 404, 49 Stat. 2034), further provides: "That in addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of the notice of such denial within which to file suit."

No limitation is prescribed for filing claim. The date of claim is important only as the pendency of the claim may suspend the limitation put on the bringing of the

suit. In this case the contingency on which the claim for disability benefits is founded was the total and permanent disability of the insured which is alleged to have occurred at his discharge June 3, 1919. If the claim for death benefits is a separate one a suit on which has its own limitation (which we do not decide), the additional contingency required, to wit the death of the insured, occurred January 22, 1921. We cannot regard the shifting of the death benefits to the estate of the insured which was brought about by the Act of March 4, 1925 (World War Veterans' Act, § 303, as amended by Act March 4, 1925, § 14, 38 U.S.C.A. § 514), as creating a new claim in the administrator with some later contingency to date limitation from. The death on January 22, 1921, is the latest contingency upon which the administrator's claim can be said to be founded. Six years from that date expired January 22, 1927, and the one year from July 3, 1930, expired July 3, 1931. On this latter date the right to sue for death benefits was cut off. No claim was pending before the Veterans' Administration before that date to suspend the running of the statute. The act of 1936 only extended the suspension before provided until ninety days after denial of the pending claim. It does not apply to a claim filed after suit upon it had become completely barred. The claim here relied on was not filed until July 18, 1932, and suit was not filed until April 12, 1935.

[3-5] But it is argued that since a minor was, after the death of the nominated beneficiaries, the sole person interested, and since he was entitled to "three years in which to bring suit after the removal of his disability" the result is otherwise. If he were the person entitled to sue he had until July 25, 1934, to do so, so that the claim was filed before his suit was barred.

But since the Act of March 4, 1925 (section 14, amending section 303) the provision of law has been: "If the designated beneficiary does not survive the insured", (his mother here did not survive), "or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable", (the second wife so died in 1926), "there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable. * * * This section shall be deemed to be in effect as of October 6, 1917." Although retroactively taking a benefit from this minor and vesting it in the insured's estate, this legislation is valid, and the sole right of action on the claim for these death benefits has been since its passage in the administrator. The minor child cannot sue on it. He is interested only in what may be his as a distributee after due administration of the estate. Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923; United States v. Barker (C.C.A.) 70 F.(2d) 1002. The exception allowing minors three years after disability is removed within which to sue can have no application where the minor has no right to sue at all. Since this minor claims only through the administrator the rule applies that where the trustee in whom the right of action resides is barred, the beneficiaries, though under disability, are barred. Meeks v. Olpherts, 100 U.S. 564, 25 L.Ed. 735; Pendergrast v. Foley, 8 Ga. 1; Worthy v. Johnson, 10 Ga. 358, 54 Am. Dec. 393; Morgan v. Woods, 69 Ga. 599. Neither the disability benefits accruing during Grayson's life nor the death benefits here claimed can now be collected by suit, and the petition was rightly dismissed.

Judgment affirmed.