**JENKINS v. UNITED STATES.***

No. 8132.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1936.

John J. McCreary, of Macon, Ga., for appellant.

Slaton Clemmons, Atty., Department of Justice, of Atlanta, Ga., and A. Edward Smith, Asst. U. S. Atty., of Macon, Ga., for the United States.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The administratrix of Asa Devers Berry filed suit February 5, 1935, on his certificate of war risk insurance, the claim on which was alleged to have been first made to the Veterans' Administration May 24, 1934, and denied January 4, 1935. Berry was alleged to have been discharged from the army May 21, 1919, and to have died July 6, 1920, the policy having been saved from lapse meanwhile, though premiums were not paid, for reasons which for present purposes may be treated as good. A demurrer that the court was without jurisdiction and that the suit was not filed during the time within which Congress has consented that the United States be sued was sustained, notwithstanding an amendment of the petition which contended that the limitation on suit was unconstitutional and void because contrary to the provisions of the Fifth Amendment that no person shall be deprived of life, liberty, or property without due process of law, and of the Fourteenth Amendment that the validity of the public debt of the United States authorized by law shall not be questioned; and which further contended that there was an estoppel to plead limitation because the Veterans' Administration had encouraged claimant to incur expense and inconvenience in proving the claim and had decided it on its merits without ever raising the question of limitation.

The contingency on which the claim was founded, to wit, the death of Berry, occurred July 6, 1920. No claim was pending on or before July 3, 1931, so that under the Act of July 3, 1930 (section 4, 46 Stat. 992, amending World War Veterans' Act § 19 [38 U.S.C.A. § 445]), and that of June 29, 1936, § 404, 49 Stat. 2034, which limit the consent to suit upon such

---

*Rehearing denied Dec. 12, 1936.

claims for insurance, this suit could not be maintained. Tyson v. United States, 297 U.S. 121, 56 S.Ct. 390, 80 L.Ed. 520; Weaver v. United States (C.C.A.) 72 F. (2d) 20; Dowell v. United States of America (C.C.A.) 86 F.(2d) 120, decided October 21, 1936. The action on insurance claims granted in the laws establishing the insurance may be reasonably limited without any violence to the Constitution or to good faith. No repudiation of obligation is involved, and no taking of a claimant's property. The necessity of having both public and private claims presented and determined before the lapse of time shall render ascertainment of the truth difficult and uncertain or impossible has always been considered to justify the imposition of limitations, although done subsequently to the arising of the claim, provided the subsequent law fixing the limitation permits a reasonable time for their assertion before the bar falls. A state may thus limit the enforcement of claims against itself without unconstitutionally impairing the obligation of its contracts, and it may thus limit claims against its citizens without unconstitutionally depriving the claimants of their property. Town of Koshkonong v. Burton, 104 U.S. 668, 26 L.Ed. 886; In re Brown, decided with McGahey v. Virginia, 135 U.S. 662, 701, 10 S. Ct. 972, 34 L.Ed. 304. The United States are not more fettered. In promising "an action on the claim" it must be implied that there was reserved the right to regulate the action in the usual ways, as by prescribing or altering the mode of procedure or by reasonably limiting the time to sue. In exceptional cases a just claim, though barred from suit, may still be paid by the Congress, or, so far as we are advised, by the Veterans' Administration, because the limitation on suit does not destroy the claim so as to prevent the sovereign from recognizing it otherwhere than in court. As respects the constitutional provisions relied on, the difference between withdrawing the remedy of court enforcement of a claim against the United States and destroying the whole foundation of the claim is clearly recognized in Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434, and Perry v. United States, 294 U.S. 330, 354, 55 S.Ct. 432, 436, 79 L. Ed. 912, 95 A.L.R. 1335.

The question touching estoppel is concluded by our holding in Lynch v. United States, 80 F.(2d) 418. There much expensive litigation had been carried on extending through the Supreme Court before the question of the expiration of the consent thereto was raised. We nevertheless held the court to be without authority to proceed. We decline to overrule that decision. The present case is much weaker than that. Here the only inconvenience and expense incurred was the writing of six letters and the filing of this suit. The defense of limitation was then at once urged. It is doubtful that it could have been sooner made. There is no law expressly limiting the filing of a claim before the Veterans' Administration. It apparently is at liberty to investigate the merits of every claim. It has no right or duty to pass on the conditions laid down for an action in court which are for the determination of the court alone. The judgment dismissing the action is affirmed.