## SULLIVAN v. UNITED STATES.
### No. 1655.

District Court, E. D. Kentucky.
April 30, 1937.

A. E. Funk, J. J. Leary, and Earl S. Wilson, all of Frankfort, Ky., for plaintiff.

John T. Metcalf, U. S. Dist. Atty., and Erle McGuffey, Atty., Department of Justice, both of Lexington, Ky., for the United States.

FORD, District Judge.

This case is submitted upon the defendant's demurrer to the plaintiff's petition, as amended. The demurrer was filed before the effective date of the new rules and, hence, it will be treated as a motion to dismiss under Rule 12(b), Rules of Civil Procedure for District Courts, 28 U.S.C. A. following section 723c.

It appears that at the time the plaintiff's claim was originally filed with the Veterans' Administration on March 26, 1931, there remained 99 days within which a suit was allowable under the provisions of 38 U.S.C.A. § 445.

Aside from the question as to whether the denial of the claim by the Insurance Claims Council was sufficient to constitute a denial "by the Administrator of Veterans' Affairs" and thereby remove the suspension and start the running of the Statute of Limitation on November 11, 1932, it

clearly became effective for that purpose on January 28, 1935, under the retroactive provisions of section 445c.

Thus, allowing the plaintiff the 99 days which remained to him, the statutory bar to jurisdiction under section 445 fell on or about May 7th, 1935, unless, as contended by the plaintiff, it was lifted or further suspended by his fruitless effort on May 28, 1935, to appeal from the action of the Insurance Claims Council or by the renewal of his claim on June 11, 1935.

■■ The contention of the plaintiff that section 445c was effective to extend the time for his appeal from the action of the Insurance Claims Council taken on November 9, 1932, for a period of one year after July 28, 1935, the date of the enactment of section 445c, is clearly untenable. Interdepartmental appeals were entirely controlled by departmental regulations, and section 445c does not govern or regulate appeals from one departmental agency to another. The plaintiff's right to take an appeal from the action of the Insurance Claims Council under applicable regulations in force at the time expired 60 days after November 11, 1932, and the provisions of section 445c did not alter that procedural regulation of the department.

■ The question as to whether the renewal of the plaintiff's claim on July 11, 1935, was effective to lift the bar of the Statute of Limitation which fell in May 1935, seems to be answered in the recent case of John D. Ball v. United States, 101 F.2d 272, 274, decided by the Circuit Court of Appeals of the Sixth Circuit on January 11, 1939. The Court said: "We agree with the contention of the Government that appellant could not, by filing a new claim with the Veterans' Administration, raise the already fallen bar of the statute of limitations so as to revive the right to sue. * * * [While] the statute, Title 38 U. S.C.A. § 11 et seq., gives to the Administrator of Veterans' Affairs a continuing jurisdiction for the administrative consideration of claims under war risk insurance contracts, * * * the two clauses of the section must be considered in pari materia, and so considered the proviso does not nullify or limit the first clause of the section. Appellant's contention is that his claim was pending in the bureau until final denial of the renewed claim by the Board of Veterans' Appeals on June 28, 1937. But appellant's right to sue had expired under the statute when the claim was renewed. The suspension provisions of the statute do not apply to proceedings arising after suit upon the claim had been barred. Dowell v. United States, 5 Cir., 86 F.2d 120, 121. If appellant's contention were correct, and if claims finally disposed of could be revived by the filing of new claims with the Veterans' Administration, then the statute of limitations would be nullified. It was not the intention of Congress that the granting of administrative discretion to the Administrator of Veterans' Affairs for the reconsidering of claims theretofore denied should result in defeating the provisions of the statute. No such intention is expressed, nor can it be implied. The statute of limitations applies not to administrative consideration of claims, but only to the bringing of suit thereon (Cf. Jenkins v. United States, 5 Cir., 86 F.2d 123, 124), and the fact that the claim was under administrative consideration in 1935 does not affect the fact that it was outlawed in 1931. Dowell v. United States, supra."

■ My conclusion is that this Court is without jurisdiction to entertain this action which was not filed until April 30, 1937. Let an order be submitted for entry sustaining the defendant's demurrer as a motion to dismiss and ordering the action dismissed for lack of jurisdiction.