## BALL v. UNITED STATES.
### No. 8040.

Circuit Court of Appeals, Sixth Circuit.

Jan. 11, 1939.

Matthew L. Bigger, of Columbus, Ohio, for appellant.

Young M. Smith, of Washington, D. C. (Francis C. Canny, of Dayton, Ohio, Frederic W. Johnson and J. M. LeMense, both of Cincinnati, Ohio, and Julius C. Martin, Wilbur C. Pickett, and Young M. Smith, all of Washington, D. C., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The District Court, on motion of the Government, dismissed appellant's petition filed July 28, 1937, seeking to enforce payment of benefits under a contract of war risk insurance which on July 1, 1919, had lapsed for nonpayment of premiums. The order of dismissal, here appealed from, was based upon the ground that the action was not brought within the time limited by Title 38, Section 445, U.S.C., 38 U.S.C.A. § 445, which reads as follows:

"In the event of disagreement as to claim * * *, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States. * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date * * *: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * *"

Appellant's original claim for permanent total disability benefits under the contract, filed on March 5, 1931, was denied by the Insurance Claims Council on June 29, 1931, and by the Administrator of Veterans' Affairs on August 19, 1931. On September 3, 1935, appellant renewed his claim in the Board of Veterans' Appeals which, after reconsideration, denied the same on June 28, 1937. The present action was brought more than six years after the date on which appellant's right accrued, and not prior to July 3, 1931.

Appellant's suit is outlawed unless the renewal of the claim in the bureau on September 3, 1935, suspended the limitation of the statute until the date of final denial of the claim on June 28, 1937. The Government contends that since appellant's claim was filed in the bureau 120 days prior to July 3, 1931, suit should have been brought within 120 days after August 19, 1931, the date of denial by the Administrator of Veterans' Affairs. Tyson v. United States, 297 U.S. 121, 56 S.Ct. 390, 80 L.Ed. 520; United States v. Green, 6 Cir., 84 F.2d 449.

Between August 19, 1931, and September 3, 1935, there was no proceeding with reference to this claim pending in the Bureau. In this interim the right to assert the claim in the courts expired under

the statute. The question therefore is totally different from that presented in Howard v. United States, 6 Cir., 97 F.2d 987, in which the claim was held in the bureau from September 11, 1930, to July 13, 1936.

■ We agree with the contention of the Government that appellant could not, by filing a new claim with the Veterans' Administration, raise the already fallen bar of the statute of limitations so as to revive the right to sue. It is true that the general statute, Title 38 U.S.C.A. § 11 et seq., gives to the Administrator of Veterans' Affairs a continuing jurisdiction for the administrative consideration of claims under war risk insurance contracts. But the controlling section here is § 445. Its two clauses must be considered in pari materia, and so considered the proviso does not nullify or limit the first clause of the section. Appellant's contention is that his claim was pending in the bureau until final denial of the renewed claim by the Board of Veterans' Appeals on June 28, 1937. But appellant's right to sue had expired under the statute when the claim was renewed. The suspension provisions of the statute do not apply to proceedings arising after suit upon the claim has been barred. Dowell v. United States, 5 Cir., 86 F.2d 120, 121. If appellant's contention were correct, and if claims finally disposed of could be revived by the filing of new claims with the Veterans' Administration, then the statute of limitations would be nullified. It was not the intention of Congress that the granting of administrative discretion to the Administrator of Veterans' Affairs for the reconsidering of claims theretofore denied should result in defeating the provisions of the statute. No such intention is expressed, nor can it be implied. The statute of limitations applies not to administrative consideration of claims, but only to the bringing of suit thereon (Cf. Jenkins v. United States, 5 Cir., 86 F.2d 123, 124), and the fact that the claim was under administrative consideration in 1935 does not affect the fact that it was outlawed in 1931. Dowell v. United States, supra.

■ Appellant also alleges in his petition that on January 5, 1929, the Veterans' Administration determined that prior to January 1, 1925, appellant had a ten per cent disability as a result of encephalitis lethargica (sleeping sickness), which under Title 38, Section 471, U.S.C., 38 U.S.C.A. § 471, is presumed to have been acquired while in service. He alleges that this disability entitled him to compensation from the date of his discharge, June 18, 1919, which has not been paid, and therefore contends that under Title 38, Section 516, U.S.C., 38 U.S.C.A. § 516, such due and uncollected compensation is automatically applied to keep the contract of war risk insurance in force to the extent that such uncollected compensation would purchase insurance if applied as premiums whenever due. The record is meager upon this point, but the information given in the petition shows that the unpaid compensation would not have kept the policy in force long enough to avoid the bar of the statute.

The motion to dismiss was rightly sustained, and the order is affirmed.