**WALDEN v. UNITED STATES.**

No. 7844.

Circuit Court of Appeals, Sixth Circuit.

Sept. 18, 1939.

Vincent E. Schoeck, of Detroit, Mich. (Vincent E. Schoeck, of Detroit, Mich., on the brief), for appellant.

Thomas E. Walsh, of Washington, D. C. (John C. Lehr and Francis X. Norris, both of Detroit, Mich., and Julius C. Martin, Wilbur C. Pickett and Fendall Marbury, all of Washington, D. C., on the brief), for the United States.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Suit upon a War Risk term insurance policy. Appellee moved to dismiss upon the ground that the action was barred by the Statute of Limitations. The appeal is from an order sustaining the motion.

The record is unsatisfactory from many viewpoints but we treat the case as it was presented to the District Court and here.

The motion was heard by the trial court upon—(1) a stipulation of facts; (2) an affidavit of the Assistant United States Attorney; and (3) counter-affidavits on behalf of appellant and a reply affidavit incorporating certain correspondence.

It appears that the veteran, Oliver Walden, died August 12, 1919, and on August 1, 1921, an award was made in favor of Ella S. Walden, the veteran's widow and the beneficiary under the policy. The award provided for the payment to her of $57.50 per month from August 17, 1919, until 240 monthly instalments had been paid. Payments were made until March 31, 1924, when they were discontinued.

On November 26, 1932, appellant brought suit to recover the instalments alleged to be due.

It appears that on December 2, 1930, appellant "personally appeared at the Regional Office of the Veterans Administration at Detroit, Michigan and demanded to

know why payments of her award had been discontinued and further demanded that the said payments be resumed." She did not file any written claim at that time but she did file a written claim with the Veterans Bureau for insurance benefits under the policy on May 26, 1931. Her claim was denied by the Insurance Claims Council of the Bureau on August 16, 1932, and on August 18, two days thereafter, a notice of the denial was mailed to appellant at 2020 St. Antoine St., Detroit, her last known address, and a letter from the Veterans Administration was mailed to the Servicemens Bureau (organized to aid veterans in preparing and filing insurance claims, etc.) in Detroit 'advising it of the denial. This letter of disagreement addressed to appellant was never returned. On August 22, 1932, the Servicemens Bureau wrote appellant at the above address stating that it had received a copy of the Veterans Bureau letter rejecting her application and advising her to act immediately if she contemplated filing suit. This letter was mailed with full postage thereon and was returned on August 26, 1932, with the post-office return stamp on the face of the envelope containing the words, "Returned to writer unclaimed."

Appellant deposed that she never received notice of the denial mailed to her by the Bureau on August 18 or the letter of the Servicemens Bureau mailed on August 22; that she had no information whatever of the denial of her claim until November 25, 1932, when she was apprised of it on that date at the Servicemens Bureau. She insists therefore that under Sec. 19 of the World War Veterans Act 1924, as amended July 30, 1930, 38 U.S.C. § 445, 38 U.S.C.A. § 445, and as construed by us in United States v. Green, 6 Cir., 84 F.2d 449, she was entitled to 38 days, the period her claim was pending in the Bureau prior to July 3, 1931, from November 25 within which to sue and that her suit brought on November 26, 1932, was timely.

However, Sec. 19 was amended by the Act of June 29, 1936, C. 867, Sec. 404, 49 Stat. 2034, 38 U.S.C. 445d, 38 U.S.C.A. § 445d. This amendment provides: "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the

mailing of notice of such denial within which to file suit. This section is made effective as of July 3, 1930, and shall apply to all suits now pending on June 29, 1936, against the United States under the provisions of section 445 of this title; and any suit which has been dismissed solely on the ground that the period for filing suit has elapsed but where in the extension of the period for filing suit as prescribed herein would have permitted such suit to have been heard and determined may be reinstated within ninety days from June 29, 1936: Provided, That on and after June 29, 1936, notice of denial of the claim under a contract of insurance by the Administrator of Veterans' Affairs or someone acting in his name shall be by registered mail directed to the claimant's last address of record: Provided further, That the term 'denial of the claim' means the denial of the claim after consideration of its merits."

One of the purposes of the amendment was to fix definitely the time when the suspension of the Statute of Limitations provided for in Sec. 19 above referred to terminated. Courts had entertained contrary views on this question (Tyson v. United States, 4 Cir., 76 F.2d 533; United States v. Walker, 5 Cir., 77 F.2d 415; United States v. Tarrer, 5 Cir., 77 F.2d 423, and the holding of the District Court in United States v. Green, supra, affirmed by us one day after the enactment of the amendment) and it was of importance that it should be settled. As provided by the amendment, the suspension of the Statute of Limitation provided for in Sec. 19 was made to terminate upon the day of the mailing of notice of the denial of the claim by the Administrator of Veterans Affairs or some one acting in his name.

The amendment was made retroactive as of July 3, 1930 and applied to all suits pending at the date of its enactment (June 29, 1936) under the provisions of Sec. 19 above referred to. The amendment applied to appellant's suit because it was pending on June 29, 1936. It is true enough that the case was not pending on that date in the District Court for appellant had been granted an appeal on May 22, 1936, and the case was pending and within the jurisdiction of this court on June 29. The question as to whether the suit was pending in one court or another is not of importance.

Laying aside another feature of the amendment, presently to be considered, we think that appellant would have been en-

titled to only 38 days after August 18, 1932, the date upon which the denial of her claim was mailed, to bring suit, and this 38 days would have expired on September 26, two months before suit was brought.

Appellant's next point is, that, assuming the correctness of this conclusion, she was, under the amendment, entitled to 90 days extra in which to sue and that her filing date of November 26, 1932, was timely with reference to August 18, when notice of denial was mailed to her.

This contention roots in the first two words of the amendment of June 29, 1936, heretofore quoted. At first blush it would appear that the 90 days are to be added to those making up the period of suspension. But the discussion of the proposed amendment before the Senate Committee (sub-committee of the Committee on Finance, March 27, 1936) makes it clear that the Committee was concerned with correcting situations such as occurred in United States v. Green, supra, where the claimant had only a day or two to file suit after receiving notice of the denial. The amendment was designed to relieve the necessity for haste in bringing suit in such cases by giving the claimant a minimum of 90 days in which to file suit. This meaning appears in the clause,—"* * * the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit." On the other hand, if the period of suspension itself amounted to more than 90 days, the claimant was not to be deprived of it, and it was saved to him by the binding words of the amendment. There is no intimation in the record of the Committee hearings that the period of suspension and the 90 days were to be added together. See United States v. Pastell, 4 Cir., 91 F.2d 575, 579, 112 A.L.R. 1125; Hartness v. United States, D.C., 23 F. Supp. 171, 173. In addition, the cases of Rappa v. U. S., 1936, Eastern District of New York,[1] and Dondaldson v. U. S., 1937, Western District of Oklahoma,[1] accord with our view.

Lest it be thought overlooked, we call attention to the following situation revealed by the record: After the appeal had been granted on May 22, 1936, and without dismissing it, appellant on September 28, 1936, entered a motion in the District Court to reinstate the cause of action there. The motion was based upon that portion of the amendment of June 29, 1936, permitting re-instatement within ninety days thereafter. The court on October 5, 1936, entered an order reinstating the action and this order was followed by another on November 2 which set aside the reinstatement. The regularity and effect of these proceedings subsequent to appeal are not presented for review.

Judgment affirmed.

---

[1] No opinion for publication.