## McDOWELL v. UNITED STATES.

### No. 1908.

Circuit Court of Appeals, Tenth Circuit.

Nov. 2, 1939.

Bailey E. Bell and Henry M. Gray, both of Tulsa, Okl., for appellant.

Whitfield Y. Mauzy, U. S. Atty., of Tulsa, Okl., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Kenneth E. Spencer, Atty., Dept. of Justice, of Washington, D. C., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Plaintiff brought this action against the United States in the District Court of the United States for the Northern District of Oklahoma to recover upon a policy of war risk insurance, seeking permanent total disability benefits. The parties will be designated herein as they appeared in the court below.

In his petition, plaintiff alleged that he was permanently and totally disabled when

discharged from the United States Navy on December 4, 1919; that he filed a claim for insurance benefits in September, 1930, and that the claim was denied on December 6, 1937.

Defendant filed a general denial, and in addition thereto alleged that the claim for insurance benefits was filed on September 4, 1937, and was denied by the Insurance Claims Council of the Veterans' Administration on December 6, 1937; and that the claim was barred by the statute of limitations.

The court found:

"That Grover C. McDowell enlisted in the United States Navy on May 14, 1918 and was honorably discharged therefrom on December 4, 1919; that while in service he made application and was granted $10,000.00 war risk term insurance on which the last premium was paid for the month of December, 1921.

"That claim for insurance benefits on which this present action is based was received by the Veterans' Administration on September 4, 1937; that said claim was denied by the Insurance Claims Council of the Veterans' Administration on December 6, 1937; and this action was instituted on December 21, 1937."

The trial court concluded that the action was barred by Section 19 of the World War Veterans' Act as amended, Title 38 U.S.C.A. § 445, and judgment was entered for defendant. From this ruling of the court an appeal has been taken to this court.

Plaintiff was a member of the United States Navy in the World War. There was issued to him a war risk term insurance policy in the sum of $10,000. He was discharged from service at Ft. Lyons, Colorado, on December 4, 1919, with recommendation against re-enlistment on the ground of physical disability.

At the trial, plaintiff undertook to establish that he filed a claim for total disability payments in 1930. He testified that he filed a claim for war risk insurance in September, 1930, that he received papers from the government and filled them out, but that the department took no action, and that on September 4, 1937, he again filed a claim. This claim was rejected on December 6, 1937. The only testimony as to the filing of the claim in 1930 was the testimony of plaintiff. He testified that he filed a claim for war risk insurance in September, 1930, at the Red Cross; that he

did not have a copy of his claim; that he lost his copy along with some other papers and valuable receipts. In response to a question by his attorney as to whether he had filled out other papers, plaintiff replied: "I think I filled out papers all along. Every time they would send me papers, I would fill them out and send them in, until I received an application in 1937 * * *."

In response to a query as to whether he had ever received an answer from the government, he replied: "Yes, sir, sometime later I received a reply stating that they have received my application for war risk insurance."

Charles E. McCarthy, plaintiff's brother-in-law, testified that sometime after Labor Day in 1930 he saw plaintiff with a letter, which he did not read. He did not know whom it was from. Mrs. McCarthy, sister of plaintiff, testified that she saw a letter in plaintiff's hand, but did not pay much attention to it. On further questioning she answered: "It seems to me like it said the Veterans' Administration, but I wouldn't say now * * *."

At the time of trial, in response to a question by the court as to whether demand had been made on the government to produce the claim, plaintiff's attorney responded that they had, but that the government denied it. This is all the evidence the record contains as to the filing of a claim in 1930.

■ It was incumbent upon plaintiff to prove that he filed a claim for total disability under his policy in 1930. The trial court found that he did not sustain this burden. In this we think the trial court was right. Plaintiff testified that he lost the copy of his application, together with some other valuable papers. He also testified that he filled out papers "all along," indicating that he was in more or less continuous communication with the government during all this time.

Notwithstanding this fact, the only letter he had in his possession from the government was the letter of December 6, 1937, notifying him that his claim, filed September 4, 1937, had been denied.

He did not testify as to the contents of the claim filed September, 1930, or to any state of facts showing that it was a claim for benefits for total disability under the terms of the policy. Plaintiff was very vague regarding the transaction in 1930. In response to a question by his attorney as to whether he had heard from the gov-

ernment, he replied that he had received a letter from them acknowledging receipt of his application for war risk insurance. Such a letter, if received, would have been wholly inconsistent with a claim for total disability benefit payments.

The most that can be said is that there was testimony to the effect that he filed some document, statement of claim, with the government. What the nature of such claim, statement or document was, cannot be determined from the testimony. The testimony falls short of establishing the filing of a claim in September, 1930, for total disability benefits under the policy. United States v. Densmore, 9 Cir., 58 F.2d 748.

The contingency upon which the claim was made was alleged to be permanent, total disability on December 4, 1919. This suit not having been brought within six years thereafter or within one year after July 3, 1930, as required by statute, was barred by § 445, 38 U.S.C.A. Corn v. United States, 10 Cir., 74 F.2d 438; Ball v. United States, 6 Cir., 101 F.2d 272; Weaver v. United States, 4 Cir., 72 F.2d 20.

The decision of the trial court is affirmed.