## PRIFTI v. UNITED STATES.
### No. 5767.

District Court, D. Massachusetts.
Feb. 11, 1941.

A. Francis Harrington and Walter R. Morris (of Morris, Cashman, Steele & Wallace) and George N. Prifti, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and William J. Hession, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this proceeding plaintiff, as administrator, seeks to recover upon a policy of war risk insurance issued to his intestate. Defendant has moved to dismiss on two grounds: (1) that the action is barred by statutory limitations, and (2) that when brought, the law which gave the right to sue the United States had been repealed. The motion is supported by affidavit. The facts are not in dispute.

James A. Lewis was insured for $5,000 and while the policy was in force was killed in action on October 10, 1918. The beneficiary named in the policy was his mother Bejame Allie Lewis, who had previously died in Albania. In 1921, a Mrs. Bejame Lewis of Kortcha, Albania, represented herself to be the mother and the beneficiary entitled to the benefits of the policy. The defendant paid to her installments aggregating $2,645. Later it was ascertained that payments had been made to one not entitled to them, and on December 21, 1926, payments were stopped. On November 14, 1930, plaintiff was appointed administrator, and on January 22, 1931, he presented a claim for and was awarded the insurance subject to the payments made to the putative mother. The defendant deducted this amount and paid the balance due on the policy. Claim for the amount deducted was denied on July 6, 1932. This suit was brought on November 18, 1933.

The statute, 38 U.S.C.A. § 445, limits the right to sue upon war risk contracts to six years after the right accrued for which the claim is made, or one year from July 3, 1930, whichever is the later date, with the proviso that "this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs." In this case, the right of action on which the claim is founded accrued October 10, 1918, when the insured was killed. United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678.

The later date would, therefore, be July 3, 1931, and suit would be barred after that date unless the time was extended by the proviso to November 18, 1933. The first claim was made January 23, 1931, or 161 days before the statute would bar the action. It was denied at the latest on July 6, 1932. The time within which suit could have been brought was, therefore, extended 161 days after July 6, 1932, or to approximately December 13, 1932. Tyson v. United States, 297 U.S. 121, 56 S.Ct. 390, 80 L.Ed. 520.

The permission given by the statute to sue the United States upon this contract of war risk insurance had expired nearly a year before suit was brought. Consequently, the petition was brought too late, and this court is without jurisdiction to entertain it. Bono v. United States, 2 Cir.,

113 F.2d 724; Morgan v. United States, 5 Cir., 115 F.2d 427; McEntire v. United States, 5 Cir., 115 F.2d 429. Since the defendant's motion must prevail on the first of the grounds assigned, it is not necessary to consider the second.

Defendant's motion to dismiss is allowed.