## ATKINSON v. UNITED STATES.

### No. 157.

District Court, D. Massachusetts.
May 23, 1941.

James A. Donovan, of Lawrence, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and William J. Hession, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

Plaintiff, a World War Veteran, applied for and was granted war risk insurance in the sum of $10,000. $3,000 of term insurance was converted into ordinary life insurance. The balance of $7,000 was allowed to lapse August 1, 1923.

On March 30, 1931, the plaintiff filed a claim for the benefits under the lapsed policy with the Veterans' Administration. On May 14, 1931, before any action was taken upon this claim, suit was instituted in this court to recover upon the term insurance contract. This action was dismissed without prejudice on October 25, 1937. The claim was finally denied on November 15, 1938, by the Board of Veterans' Appeal of the Veterans' Administration. This action was begun by complaint filed March 2, 1939. Defendant has moved to dismiss this second action on the ground that it is barred by the statute limiting a claimant's right to sue the United States on policies of war risk insurance. 38 U. S.C.A. § 445. At the same time the parties submitted a motion to reinstate the earlier action, begun in 1931. (No. 4811 Law.)

As to the motion to dismiss. This motion is based upon the facts above recited which are not in controversy. The claim being filed ninety-five days before July 3, 1931, the plaintiff had ninety-five days after November 15, 1938, in which to bring his suit, or until February 18, 1939.

The plaintiff relies upon the amendment of June 29, 1936, 38 U.S.C.A. § 445d, which reads as follows: "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit. This section is made effective as of July 3, 1930, and shall apply to all suits now pending on June 29, 1936, against the United States under the provisions of section 445 of this title; * * *."

The plaintiff contends that the effect of this statute is to give claimant ninety days in addition to the period of suspension while the claim is pending before the Veterans' Administration. This same

contention has been made and rejected in other jurisdictions. Walden v. United States, 6 Cir., 106 F.2d 611; Hartness v. United States, D.C., 23 F.Supp. 171. And in two other cases, Rappa v. United States,[1] (Eastern District of New York, decided October 26, 1936); Donaldson v. United States,[1] (Western District of Oklahoma, decided April 5, 1937).

A consideration of the opinions in these cases can leave no doubt that a proper construction of the amendment does not permit a claimant to thus pyramid one period upon the other. The purpose of the amendment is clear. It was to provide, as other judges have pointed out, for those cases where the period of suspension of the statute expired so soon after the denial of the claim that the claimant could not readily protect his rights.

The case of Tyson v. United States, 297 U.S. 121, 56 S.Ct. 390, 80 L.Ed. 520, was decided only a few months before the enactment of the amendment June 29, 1936. That was a case of unusual hardship as the suit was brought the next day after notice of the denial had been received by the veteran. It is reasonable to suppose that this, and other instances of like hardship, led Congress to give to every claimant at least ninety days after his claim had been rejected in which to proceed. It would be a strained construction to give a claimant, who already had ninety-five days after the denial, another ninety days in view of the express language of the statute, which says that the claimant shall have ninety days from the date of the mailing of the notice of the denial. If Congress had intended that this period should be in addition to the period of suspension provided in the earlier statute, it could very readily have expressed that intention in clear language. To accept the plaintiff's contention would amount to an amendment to the statute which, of course, is beyond the power of the court.

The plaintiff has argued, as an alternative, that since there is now a disagreement, it lies within the power of the court to revive the earlier action dismissed in 1937.

■ ■ At the time the first suit was brought, the court clearly was without jurisdiction. A disagreement is an indispensible jurisdictional prerequisite. The court could not have entertained a suit brought prior to November 15, 1938. The conditions necessary to give this court jurisdiction did not exist when Law No. 4811 was begun, and the action would be dismissable if revived. The allegations of that action speak as of the date when it was instituted. Albek v. United States, D.C., 4 F.Supp. 1020.

Whether the rule, which formerly obtained, that a final judgment cannot be vacated or modified after the expiration of the term during which it is entered, would apply in view of the provisions of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is a question which it is not necessary to now determine. See Canning v. Hackett, D.C., 3 F.Supp. 460.

A suit brought after denial is the only one that the court has authority to entertain. Such a suit was brought, but too late.

Motion to dismiss is allowed, and motion to reinstate is denied.

---

[1] No opinion for publication.