## UNITED STATES v. SORROW.
### No. 7062.

Circuit Court of Appeals, Fifth Circuit.
Nov. 3, 1933.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., both of Macon, Ga., Lawton H. Ware, Veterans' Administration, of Atlanta, Ga., and Randolph Shaw, Sp. Asst. to Atty. Gen.

Howard B. Payne and Clark Edwards, Jr., both of Elberton, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Assigning error on the refusal to direct a verdict in a war risk insurance case, appellant comes here complaining of the judgment and challenging the sufficiency of the evidence to support the submission.

As in so many of these suits brought after many years, the issue whether plaintiff was totally and permanently disabled before his policy lapsed is clouded by time and circumstance, making its just determination greatly difficult. Plaintiff claims that by his evidence he has made out his title clear at least to a jury verdict on the issue; defendant insists that he has not. Plaintiff asserts that the nearly two hundred pages of lay and medical testimony offered by him as to his past, present, and probable future condition, and in declaration and explanation of his life and conduct since his policy on its face lapsed, are too ponderable to be brushed aside as no evidence at all. He urges that the conviction produced by this testimony on the mind of the District Judge that an issue had been made for the jury, and on the minds of the jury that the right of the issue was with him, was a sound conviction which may not be disturbed. The defendant, admitting that plaintiff is and has for some time been suffering from partially disabling ailments of various kinds, declares that the voluminous record he offers goes only that far. It insists that, viewing plaintiff's evidence most favorably for him, it proves no more than this. It maintains that the showing made by plaintiff's own evidence, of the work he has done since his discharge, so conclusively establishes that he has been able, with reasonable continuity, to follow a substantially gainful occupation, as to make any other finding unreasonable.

The evidence does show that plaintiff has worked with some continuity during the long period since his discharge. It does show that he has, during most of that time, earned money which, though small in amount, is more than a mere pittance, and, if this were all it showed, we think the verdict could not stand. U. S. v. Crume (C. C. A.) 54 F.(2d) 556; U. S. v. Martin (C. C. A.) 54 F.(2d) 554.

But this is not all. His evidence tends to prove that only by the indulgence of those he worked for has he been able to hold a job at all; and that such work as he has done has been attended with great difficulty and serious physical and mental strain, necessitating frequent cessations from work. The six physicians who testified for him as to his afflicted state agree in the main that his condition is now and has been such that he ought not to have worked, and that any work that he has done was bound to have been and was attended with grave danger to him. Most of them gave it as their positive opinion that plaintiff was now and had been totally and permanently disabled, and that he was not and had not been able to follow, with reasonable continuity any substantially gainful occupation. Their testimony and that of his other witnesses is, in short, such as to bring plaintiff's case well within the rule that one is totally disabled when he is not, without injury to his health, able to make his living by work; that it is not necessary to prove absolute inability to do any kind of work; that proof that the insured has been able to do some work, while evidence on the point, is not

disproof of his disability. U. S. v. Martin (C. C. A.) 54 F.(2d) 554.

Though defendant's evidence did indeed contradict the affirmations of plaintiff's proof, it did no more than weaken it. It did not, as matter of law, overthrow it so as to leave the case issueless. It was for the Dis-. trict Judge, "primarily responsible for the just outcome of the trial," to say, in the exercise of his sound discretion, whether an issue was made. He thought it was. A careful reading of the record disclosing no abuse of that discretion, convinces us that his action should not be disturbed. Wise v. U. S. (C. C. A.) 63 F.(2d) 307.

The judgment is affirmed.