## ODOM v. UNITED STATES.
### No. 3567.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

H. I. Ellerbe, of Bennettsville, S. C. (Rogers & Ellerbe, of Bennettsville, S. C., and Mendel L. Smith, of Camden, S. C., on the brief), for appellant.

S. Henry Edmunds, Jr., Asst. U. S. Atty., of Charleston, S. C., and Fendall Marbury, Atty., Department of Justice, of Washington, D. C. (Henry E. Davis, U. S. Atty., of Florence, S. C., Will G. Beardslee, Sp. Asst. to Atty. Gen., and W. Clifton Stone, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PER CURIAM.

This is an appeal in a war risk insurance case. Insured is admittedly suffering now from paralysis agitans. He was brought back from Europe with a company of wounded men; and the evidence justifies the inference that he was suffering from paralysis agitans at the time of his discharge from the army. He testifies that from the time of his discharge he has been physically unable to work. His testimony with regard to this is corroborated by several witnesses, and no work record is shown to nullify this testimony. There is testimony of experts to the effect that paralysis agitans is a permanent and progressive disease and that one afflicted with it cannot do any work without serious detriment to his health. There is evidence in contradiction of the experts and also evidence of contradictory statements as to his condition made by insured in applications for insurance and otherwise; but the contradictory statements of insured and the contradiction in the testimony of the experts merely raise

questions for the jury to determine. When the evidence is viewed in the light most favorable to plaintiff, as it must be viewed in passing upon the direction of a verdict against him, we think that it was sufficient to carry the case to the jury on the issue of total and permanent disability. Carter v. U. S. (C. C. A. 4th) 49 F.(2d) 221; Garrison v. U. S. (C. C. A.) 62 F.(2d) 41; Hicks v. U. S. (C. C. A.) 65 F.(2d) 517; U. S. v. Sauls (C. C. A. 4th) 65 F.(2d) 886; U. S. v. Messinger (C. C. A. 4th) 68 F.(2d) 234. The judgment appealed from will be reversed, and the case will be remanded for a new trial.

Reversed.