## UNITED STATES v. COWARD.

### No. 3800.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1935.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., and S. Henry Edmunds, Jr., Asst. U. S. Atty., of Charleston, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for the United States.

John W. Crews, of Columbia, S. C. (Furman R. Gressette, of Columbia, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

This is an appeal in a war risk insurance case. Plaintiff now is unquestionably suffering from paralysis agitans and is totally and permanently disabled. There is a question as to whether the disease began while the policy was in force, but we agree with the judge below that the evidence of the plaintiff was sufficient to take the case to the jury as to this. Insured had some sort of seizure in March, 1919, while the policy was in force; and, while the physician who treated him at the time was of opinion then that it was the result of drinking denatured alcohol, his opinion at the trial, given in the light of subsequent developments, was that it evidenced the onset of the disease which has resulted in total and permanent disability. And we think that there was evidence sufficient to support the conclusion that the plaintiff was totally and permanently disabled from the onset of the disease, for it is admittedly incurable and there was some evidence to the effect that work would hasten its progress although we are not impressed with the strength of this evidence. Odom v. United States (C. C. A. 4th) 70 F.(2d) 104; United States v. Flippence (C. C. A. 10th) 72 F.(2d) 611.

We think, however, that there was error in that portion of the charge wherein the jury were told: "If you are satisfied by the greater weight of the evidence and by substantial evidence that that (i. e. the seizure of March 1919) was the beginning of this serious disability, which has resulted later, why then I can't see how you can escape finding for the plaintiff." The effect of this portion of the charge was to instruct the jury that the disease with which plain-

tiff was afflicted was totally and permanently disabling as a matter of law. There was evidence that plaintiff could do light work without injury to his health for some time after the onset of the disease; and, while this evidence was contradicted, it was for the jury to say what was the truth of the matter. The charge should have predicated plaintiff's right to recover, not upon the existence of the disease during the life of the policy, but upon total and permanent disability having resulted from the disease while the policy was in force. In the Odom Case, supra, our holding was, not that plaintiff was entitled to recover because of his affliction with the disease, but that he was entitled to have his case submitted to the jury for its determination.

Reversed.