## MUTH et al. v. UNITED STATES.
### No. 3693.

Circuit Court of Appeals, Fourth Circuit.
June 25, 1935.

Warren E. Miller, of Washington, D. C. (Horace T. Smith, of Baltimore, Md., on the brief), for appellants.

Fendall Marbury, Sp. Asst. to the Atty. Gen. (Bernard J. Flynn, U. S. Atty., of Baltimore, Md., and Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a war risk insurance case in which verdict was directed for the government. Premiums paid kept the policy in force to June 1, 1919, and insured died in September of that year. When the evidence is viewed in the light most favorable to plaintiff, as it must be on motion for directed verdict, it shows that during the life of the policy insured was suffering from general paralysis of the insane, and that this disease was of such character that he could not engage with reasonable regularity in any substantially gainful occupation without material injury to his health. It appears, also, that the disability was of permanent character, and that the condition of insured from the time of his discharge from the Army in April, 1919, grew progressively worse until his death, which was suicidal, in September following. There was evidence that insured did considerable work between the time of his discharge and his death; but, in view of the testimony that he was not able to work without material injury to his health, this fact should not preclude recovery. Carter v. U. S. (C. C. A. 4th) 49 F.(2d) 221. The jury should have been permitted to say, in the light of all of the evidence, whether he became totally and permanently disabled within the meaning of the policy while it was in force. U. S. v. Coward (C. C. A. 4th) 76 F.(2d) 875; Odom v. U. S. (C. C. A. 4th) 70 F.(2d) 104; U. S. v. Flippence (C. C. A. 10th) 72 F.(2d) 611. The exception to the admission of the declaration of the insured upon his discharge, filed with the War Department's records, is without merit; but, for the error in directing verdict for the government, the judgment appealed from must be reversed.

Reversed.