**UNITED STATES v. KLEVER.**
No. 8556.

Circuit Court of Appeals, Ninth Circuit.
Nov. 23, 1937.

James M. Simpson, U. S. Atty., of Spokane, Wash., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Thomas E. Walsh, Sp. Asst. to Atty. Gen., Wilbur C. Pickett, of Washington, D. C., George R. Stuntz, of Seattle, Wash., and Young M. Smith, of Washington, D. C.

Hawley & Worthwine and Oscar Worthwine, all of Boise, Idaho, and E. A. Cornelius, of Spokane, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by the United States from a judgment entered upon a verdict for the plaintiff in an action brought to recover payments alleged to be due under a war risk insurance contract, insuring plaintiff against total and permanent disability.

Plaintiff's service in the armed forces of the United States, the execution of the policy and its continuation in force by payment of premiums until May 30, 1919, are admitted. The sole question on this appeal, raised by the denial of the government's motion for directed verdict, is whether there is sufficient evidence to warrant the jury in finding that plaintiff was totally and permanently disabled on or before May 30, 1919.

In determining this question we take as true all facts which plaintiff's evidence tends to establish and draw in his favor all inferences fairly deducible from such facts. Lumbra v. U. S., 290 U.S. 551, 553, 54 S.Ct. 272, 273, 78 L.Ed. 492. It is incumbent upon plaintiff to show that before his policy lapsed he became unable to follow continually any substantial employment and that the condition was reasonably certain to last throughout his lifetime. The fact that he performed some work since May, 1919, is not conclusive against him. Work performed at the risk of his life or health in nowise defeats his claim of disability. Lumbra v. U. S., supra, 290 U.S. 551, at page 560, 54 S.Ct. 272, 276, 78 L.Ed. 492; U. S. v. Spaulding, 293 U.S. 498, 505, 55 S.Ct. 273, 276, 79 L.Ed. 617.

The record discloses ample evidence to warrant the jury in finding that plaintiff was totally and permanently disabled within the policy period.

It is admitted that he was severely injured in head and body by shellfire while in action in France. Undisputed evidence shows that since his discharge from the army, plaintiff has consistently suffered from profound nervousness and retardation of speech; impairment of mental comprehension; almost total blindness in the left eye; chronic stomach and intestinal trouble which caused frequent vomiting, and inability to sleep.

Three expert medical witnesses testified on behalf of plaintiff. From their evidence it appears that the root of plaintiff's trouble was a brain lesion resulting from an intracranial injury such as the injury sustained during the war and that it was in-

curable from the outset. The doctors testified directly that such injury made sustained work, either mental or physical, impossible, and that any attempt on plaintiff's part to carry on any kind of labor was injurious to his health and made his condition worse.

Plaintiff's work record since his return from overseas substantiates the expert testimony as to his condition. For the greater part of this period he has been idle. Spasmodically he has attempted various sorts of occupation. None of his jobs lasted more than five months, and most of them were measured in days or weeks. His evidence shows that he filled adequately none of the positions in which he was placed. It also shows, confirming the expert testimony, that his employment activities heightened the afflictions to which he was subject.

Under the rule of the Lumbra Case, supra, it is unnecessary for us to discuss the countervailing proof for the government. Plaintiff's proof, accepted as true on this appeal, is more than ample to justify the jury's verdict.

Affirmed.