## UNITED STATES v. HILL.
### No. 8815.

Circuit Court of Appeals, Ninth Circuit.

Nov. 7, 1938.

---

Benjamin Harrison, U. S. Atty., and Ernest D. Fooks, Atty., Dept. of Justice, both of Los Angeles, Cal., and Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, Atty., Dept. of Justice, of Washington, D. C., for appellant.

Alvin Gerlack, of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Appellee recovered judgment on a contract of war risk insurance upon the ground that she became totally and permanently disabled while the policy was in force. The sole question on this appeal is whether or not there is substantial evidence that she was totally and permanently disabled at the time her policy lapsed August 1, 1919.

The appellee served as a trained nurse in the military service of the United States from March 28, 1918 to the date of her discharge February 3, 1919.

The evidence of the appellee supports the conclusion that during her service and at the time of her discharge she was suffering from pulmonary tuberculosis, moderately advanced, and uncompensated mitral regurgitation, myocarditis, and aortitis.

It is claimed, and it must be conceded, that the appellee's heart condition, and the diagnosis that the tuberculosis was moderately advanced, differentiates her case from those in which it has been held that incipient tuberculosis is a curable disease and that recovery for total and permanent disability cannot be based upon such a diagnosis. The testimony of experts called by the appellee, who had made physical examinations of her, was to the effect that her heart condition was permanent; that rest was the proper treatment for both the tubercular condition and the heart disease; that she could not work without aggravating both heart and lung conditions, and that such work as she did aggravated both, and that she could not carry on the work of a nurse or any other work without further impairing her health.[1] This evidence brings the case squarely within the rule that if an insured cannot work without imperiling his health, the fact that work is done under such circumstances does not negative the claim of total and permanent disability. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Flippence, 10 Cir., 72 F.2d 611; United States v. Sorrow, 5 Cir., 67 F.2d 372.

It appears from the evidence that appellee frequently worked as nurse for compensation. If this evidence stood alone it might justify the conclusion that because appellee did in fact work, there were periods when she was not totally disabled and, consequently, that her condition was not permanent. But, as we have stated, there was substantial evidence from which the jury could have determined that she was not able to work without impairing her health at the time she worked.

---

[1] Dr. Albert G. McGill testified for appellee that he examined her in the St. Luke's Hospital, Little Rock, Arkansas, in January or February 1919; that he again examined her in 1921 and January 6, 1936.

Dr. A. D. Long examined appellee in November 1920.

Dr. W. S. Sharp examined her in February or March 1920 and in 1935.

Dr. A. J. Wheeler testified that he had examined appellee during the time she was employed by him from May to July 1923.

Dr. Harry Cohn examined appellee in 1929 and in April 1935, and in the latter part of 1935.

Dr. Samuel E. Wellfield examined appellee in 1936, and Dr. Charles O. Young in 1935.

These witnesses are in substantial agreement and all support the claim of appellee that the condition of her health due to the diseases of her lungs and heart was such that she could not work without further imperiling her health.

The appellant also introduced the record of her examinations by physicians employed by the government in connection with her hospitalization and claims for compensation. Some of these records indicate that no disease of the heart or aorta was discovered and others that her tuberculosis was arrested. Appellant states:

"None of the eighteen medical examinations of the plaintiff (reports of which were contemporaneously made and preserved) from December 1919 to February 1924 revealed any heart disability. At least seven of these reports specifically recited findings that the heart was normal."

Such testimony, however impressive the number of examinations may be, merely creates a conflict in testimony to be submitted to the jury for determination.

We conclude that there was substantial evidence to support the verdict.

Judgment affirmed.