## CALVEY v. UNITED STATES.
### No. 3307.

District Court, M. D. Pennsylvania.
May 1, 1939.

Joseph T. Kelly and Stanley F. Coar, both of Scranton, Pa., for plaintiff.

A. A. Maguire, Asst. U. S. Atty., of Scranton, Pa., for the United States.

JOHNSON, District Judge.

This is a motion by the defendant for a new trial and in arrest of judgment.

The action was brought to recover the permanent and total disability benefits under a war risk insurance policy issued to plaintiff by the defendant. The case was tried before the court and a jury and a verdict was rendered the plaintiff, finding him permanently and totally disabled since June 25, 1928.

The sole question involved is whether the evidence warranted a finding by the jury that the plaintiff was suffering from "total permanent disability" within the terms of the policy.

The policy defines total permanent disability as follows: "Total permanent disability as referred to herein is any impairment of mind or body which continuously renders it impossible for the disabled person to follow any substantially gainful occupation and which is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

The record shows that on June 25, 1928, while the plaintiff was engaged in active military service of the United States, stationed at Wheeler's field, Hawaii, he fell into the revolving blades of a tractor-drawn mowing machine. In so doing, the plaintiff's legs were caught in the blades of the machine and were seriously injured, the muscles, tendons, and nerves being severed in both legs. These injuries were extremely painful, and caused the permanent partial loss of the use of plaintiff's legs.

After the accident plaintiff was treated in a hospital at Scofield Barracks, Hawaii, for six and one-half months, during which period his legs were treated, and skin was taken from his body and grafted on his legs. Thereafter, plaintiff was removed to the Letterman General Hospital, San Francisco, at which institution he received treatment for approximately six months. Since his discharge from the latter hospital he has lived with his sister at Scranton, Pennsylvania.

Plaintiff testified that because of the accident it is impossible for him to walk any distance without frequently stopping to rest; that he cannot put both heels on the ground at the same time; that when he sits down for any length of time his legs "go to sleep", and become "numb-like" and cold; and that he suffers such severe pains in his legs that it is difficult

for him to sleep. The testimony of medical experts indicated that the disability would be permanent and that the condition described resulted from the accident. The record warrants a finding that plaintiff's injuries are of a serious and permanent nature.

It is contended by the defendant that the record will not warrant a finding that the plaintiff is totally disabled within the meaning of the provisions of the policy. In support of this contention the defendant showed that from 1933 to the date of the trial, plaintiff had gone to the office of his brother's garage in Scranton almost daily, and had on numerous occasions accompanied his brother's employees on trips from Scranton to Buffalo for the purpose of obtaining new automobiles in connection with his brother's business. The testimony shows that the plaintiff accompanied the other men to Buffalo and supervised the obtaining of the new cars, and that sometimes the plaintiff helped drive the new cars back to Scranton.

Plaintiff admitted that he had made trips to Buffalo for his brother, but stated that he received no pay for so doing, and that he made the trips "to kill time and break up the monotony". Plaintiff's brother testified that he allowed plaintiff to make the trips because he "wanted to have his mind occupied and give him something to do * * *". He also testified that plaintiff received no pay for these trips.

■ In passing upon the defendant's motions, the court must assume as established all the facts that plaintiff's testimony reasonably tends to prove, together with all inferences in plaintiff's favor which may fairly be drawn from these facts. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720. Under this rule, plaintiff's testimony clearly warrants a finding of "total permanent disability". The injury is serious in nature; it is permanent; plaintiff has had no regular employment since the accident, and has earned no money; and the evidence clearly shows that plaintiff is unable to follow any substantially gainful occupation, and that it is reasonably certain that the disability will continue throughout plaintiff's life. "It may be assumed that occasional work for short periods by one generally disabled by impairment of mind or body does not as a matter of law negative total permanent disability." Lumbra v. United States, 290 U.S. 551, 561, 54 S.Ct. 272, 276, 78 L.Ed. 492.

■ The court has carefully examined the entire record, and considered all of defendant's reasons for a new trial, and finds them without merit. The case was presented to the jury fairly, fully, and without substantial error, and the jury were fully warranted in their verdict which should not be disturbed.

And now, May 1, 1939, it is ordered that the motion for a new trial and in arrest of judgment be and hereby is denied, and the rule granted thereon is hereby discharged.