## UNITED STATES v. SAWLER.
### No. 3427.

Circuit Court of Appeals, First Circuit.
June 13, 1939.

Timothy A. Curtin, Atty., Department of Justice, of Boston, Mass. (Edmund J. Brandon, U. S. Atty., and William J. Hession, Regional Atty., both of Boston, Mass., and Julius C. Martin, Wilbur C. Pickett, Fendall Marbury, Keith L. Seegmiller, and Kenneth E. Spencer, all of Washington, D. C., on the brief), for the United States.

Dwight L. Allison, of Boston, Mass., for appellee.

Before WILSON and PETERS, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge.

The plaintiff-appellee (hereinafter referred to as the "plaintiff") sued upon a contract of war risk insurance and recovered judgment in the District Court.

He enlisted December 15, 1917, and on February 1, 1918, a policy of war risk insurance for $5,000 was issued to him, which policy expired on August 31, 1918.

On July 9, 1918, the plaintiff was discharged from the Quartermaster Corps as unfit for service, due to chorea (commonly known as St. Vitus's Dance) affecting the muscles of the head, neck and arms. The trial judge found as a fact that "The army medical authorities who examined him at

discharge were of the opinion that he was one-half disabled at that time." From September 19, 1920, to April, 1923, he was in vocational training, but the District Judge found that "after several attempts at different vocations, this attempt was given up."

In January, 1919, the plaintiff filed an application with the United States Civil Service Commission for sub-clerical examination, which included positions as skilled laborer, messenger and watchman. He was given a physical and mental examination and found only slightly incapacitated for these positions. He was selected for employment in February, 1919, at the Boston Post Office, as a laborer. With the exception of the period of vocational training, he was employed at the Post Office as a laborer from 1919 to 1929, actually working a total of 1,864 days, for which he received total pay of over $7,000. The District Judge found that during this period the plaintiff was out about one-third of the time, due to his physical condition, and that, while working, he was assisted materially by his associates. During his employment, however, there were periods of substantial length when he lost little or no time, and other periods when he worked overtime. There was an express finding that the veteran's condition at the time of the trial was in no respect different from his condition at the time of his discharge.

The case presents a somewhat formidable employment record. In Lumbra v. United States, 290 U.S. 551, at page 560, 54 S.Ct. 272, at page 276, 78 L.Ed. 492, the court said that "manifestly work performed may be such as conclusively to negative total permanent disability at the earlier time."

There are several cases in this Circuit in which that doctrine has been applied. United States v. Alvord, 1 Cir., 66 F.2d 455; United States v. Andersen, 1 Cir., 88 F.2d 291; United States v. Brown, 1 Cir., 76 F.2d 352; United States v. Cote, 1 Cir., 95. F.2d 80; United States v. McGrory, 1 Cir., 63 F.2d 697.

Plaintiff contends that the facts appearing on the record bring the case within the rule that if the work is performed by one really unable to work, who does so at the risk of injuring his health or life, then the work will not bar recovery.

In other jurisdictions this rule has been given liberal application. United States v. Higbee, 10 Cir., 72 F.2d 773; United States v. Flippence, 10 Cir., 72 F.2d 611; United States v. Francis, 9 Cir., 64 F.2d 865;

United States v. Sorrow, 5 Cir., 67 F.2d 372; Muth v. United States, 4 Cir., 78 F.2d 525; United States v. Fairbanks, 9 Cir., 89 F.2d 949; United States v. Klever, 9 Cir., 93 F.2d 15; United States v. Hill, 9 Cir., 99 F.2d 755.

But we do not feel at liberty to extend it beyond the cases decided in this Circuit. Considering the plaintiff's employment record in connection with the other circumstances of the case, it is our opinion that Lumbra v. United States, supra, and the decisions of this Circuit compel the conclusion that plaintiff's work record is such as "conclusively to negative total permanent disability" while the policy was in force.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.