746

**UNITED STATES v. 53¼ ACRES OF LAND, etc., BOROUGH OF BROOKLYN, KINGS COUNTY, NEW YORK, et al.**

No. N–494.

District Court, E. D. New York.

Jan. 16, 1942.

Harry T. Dolan, Sp. Asst. to the U. S. Atty. Gen. (Edward H. Murphy, Sp. Atty., Department of Justice, of New York City, of counsel), for petitioner-plaintiff.

Parsons, Closson & McIlvaine, of New York City (Ellwood Thomas and William M. Sperry, II, both of New York City, of counsel), for defendant Brooklyn Eastern District Terminal.

William C. Chanler, Corp. Counsel, of New York City (Julius Isaacs and Charles Bisberg, both of New York City, of counsel), for defendant City of New York.

Nathan L. Goldstein, of New York City, for various defendants.

Raymond A. Waldman, of Brooklyn, N. Y., for defendant, Max Fine.

ABRUZZO, District Judge.

The Brooklyn Eastern District Terminal, one of the defendants in this proceeding, has made a motion for an order directing the clerk of this court to pay the sum of $700,000 to it on account of the just compensation claimed for the taking of its property in the said proceeding.

The pleadings indicate that on April 1, 1941, a petition and notice of condemnation was filed in this court wherein the petitioner-plaintiff sought to acquire in fee simple certain property in the Borough of Brooklyn, County of Kings and State of New York, consisting of approximately 53¼ acres, commonly known and referred to as "Wallabout Market". Simultaneously, a declaration of taking was filed in this court, pursuant to Section 258A of Title 40, U.S.C.A. Act of February 26, 1931, Ch. 307, § 1, 46 Stat. 1421, and a judgment on said declaration of taking was duly made and entered on April 3, 1941. Title in fee simple to the property in question, therefore, vested in the United States of America.

At the time of the filing of the declaration and petition, the sum of $4,000,000 was deposited in the registry of this court, which represented the estimated just compensation and fair value of the property taken. Out of this fund, the Brooklyn Eastern District Terminal, by the present motion, now seeks to have paid to it on account of the just compensation claimed for the taking of its property, the sum of $700,000.

The City of New York, one of the defendants herein, has interposed opposition to this motion. It appears that there is in existence an agreement between the City of New York and the Brooklyn Eastern District Terminal which created certain rights or interests which the Brooklyn Eastern District Terminal may have or may have had in and to the property taken. The City of New York claims that by reason of the agreement, the defendant, Brooklyn Eastern District Terminal, has no valid claim to compensation as a result of the taking and is not entitled to any share in or distribution of the funds now on deposit in this proceeding, referring specifically to paragraph marked "21" of the agreement in question.

The fact is uncontradicted that the Brooklyn Eastern District Terminal removed a considerable part of the property for which it seeks compensation after the area was acquired by the petitioner-plaintiff. For that reason, the City of New York claims that it constitutes no part of the

property taken and for which compensation must be made.

The motion is further opposed on the ground that the theory of valuation employed by the Brooklyn Eastern District Terminal in arriving at a figure representing just compensation for its property is fanciful, speculative, hypothetical and erroneous.

The petitioner-plaintiff has reserved its rights to oppose the motion on its merits but contends that the affidavits in support of and in opposition to said motion have raised issues which should be disposed of before this court can intelligently pass upon the motion for distribution.

Subdivision a (7), Rule 81 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "In proceedings for condemnation of property under the power of eminent domain, these rules govern appeals but are not otherwise applicable."

The State Condemnation Law, McKinney Consolidated Laws of New York, Vol. 9-A, Ch. 73, to which the petitioner-plaintiff has sought to conform, Act of August 1, 1888, Ch. 728, Section 2, 25 Stat. 357, U.S.C.A. Title 40, Section 258, makes no provision for trials of conflicting claims or pretrial issues of the character herein presented before the determination of questions of value and compensation. Section 258a, Title 40, U.S.C.A. Act of February 26, 1931, Ch. 307, § one (1), 46 Stat. 1421, upon which title was taken and pursuant to which this motion is brought, provides: "* * * the court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

The claim presented by the defendant, Brooklyn Eastern District Terminal, is in the nature of one for the taking of a franchise or leasehold estate and improvements placed thereon. Therefore, the last mentioned provision together with the rule-making power of the court established by Sec. 730, 28 U.S.C.A., Rev.Stat. 917, and 28 U.S.C.A. Sec. 731, Rev.Stat. 918, vests ample authority in this court to direct a pretrial of the conflicting claims herein presented in advance of the determination of this motion.

It is directed, therefore, that February 2, 1942, at 10:30 A. M., be designated as a date and time for hearing and disposing of the following preliminary issues raised on this motion:

1. The construction, interpretation and legal effect of all agreements, contracts, leases or franchises existing between the City of New York and the Brooklyn Eastern District Terminal, having relation to the property or any part of the property condemned or taken in this proceeding.

2. The nature, quality, character and legal effect of all estates, rights, interests or claims arising out of and by virtue of such contracts or agreements.

3. The particular rights, interests, estates and property claimed to have been taken, condemned and appropriated in this proceeding and for which compensation is claimed and demanded; the extent and amount of such claims and the theory or method of arriving at the same.

Submit order.