## UNITED STATES v. 150.29 ACRES OF LAND IN MILWAUKEE COUNTY, WIS. et al.

### Civil Action No. 737.

District Court, E. D. Wisconsin.

Oct. 22, 1942.

372

B. J. Husting, U. S. Dist. Atty., of Milwaukee, Wis., for the United States.

Corrigan & Backus and Walter D. Corrigan, Sr., all of Milwaukee, Wis., for Eline's, Inc.

Lecher, Michael, Whyte & Spohn and Malcolm K. Whyte, all of Milwaukee, Wis., for Lakeside Laboratories.

DUFFY, District Judge.

The United States instituted this proceeding for the condemnation of certain lands situated in Milwaukee County.[1] Its petition for condemnation was filed with the court on April 20, 1942, and, on the same day, the court granted an order of immediate possession. Thereafter, two declarations of taking, duly authorized by the Secretary of War,[2] were made by the government and filed with the court on July 1 and August 14, 1942, respectively. The court appointed three commissioners to act as appraisers of the property thus taken.

On August 11, 1939, Eline's, Inc., leased to the Lakeside Laboratories a portion of the property subsequently condemned in this proceeding. On December 17, 1941, the parties executed a second agreement.

On June 16, 1942, under the power granted to it by the Second War Powers Act, 1942, supra, the United States entered into an option agreement with Eline's for the purchase of the entire property in question. This option was finally accepted by the government on August 1, 1942.

On July 1, 1942, the Lakeside Laboratories vacated the premises it had leased from Eline's, and for the damages allegedly sustained thereby it bases its claim for recovery against its lessor. Because of its interest in the matter, the court allowed Lakeside to intervene as a party defendant to these proceedings.

The question presented here by the motion of the lessor is whether the court should determine a question of alleged liability of Eline's, Inc., the lessor, to the Lakeside Laboratories, Inc., the lessee, prior to the submission to the commissioners of any question of damages or apportionment.

The various steps taken herein have been in accordance with the provisions of Chapter 32 of the Wisconsin Statutes.[3] An examination of this chapter and the Wisconsin court decisions construing it provide little to guide the court to a proper solution of the problem before it.

The Wisconsin law is almost completely silent upon the question of the supervision to be exercised by the court over the commissioners appointed by it. This is due, no doubt, to the fact that upon appeal from the award of the commissioners, as prescribed by Sec. 32.11, a trial de novo is had upon all the issues presented. Tobin v. Willow River Power Co., 208 Wis. 262, 242 N.W. 480; Olen v. Waupaca County, 238 Wis. 442, 300 N.W. 178. However, the function of the commissioners is limited to the trial of the facts of the matter. Milwaukee Light, Heat & Traction Co. v. Ela

---

[1] 50 U.S.C.A. Sec. 171, as amended by the Second War Powers Act, 1942 (Act of March 27, 1942, c. 199, Title II, Sec. 201), 50 U.S.C.A. Appendix, § 632, and the Third Supplemental National Defense Appropriation Act, 1942 (Act of December 17, 1941, c. 591, 55 Stat. 810 et seq.).

[2] 40 U.S.C.A. § 258a, (Act of February 26, 1931, c. 307, sec. 1, 46 Stat. 1421).

[3] No question has been raised as to the applicability of the Wisconsin Statutes. Under the Second War Powers Act, supra, it is provided that if the property desired by the government is taken by condemnation proceedings, such proceedings are to be had in accordance with the provisions of the Act of August 1, 1888, or any other applicable federal statute.

The Act of August 1, 1888, 25 Stat. 357, 40 U.S.C.A. §§ 257 and 258, provides that the practice, pleadings, forms and modes of proceedings in such matters shall conform as near as may be to those existing in like causes in the courts of record of the State within which the federal court is located, notwithstanding any local rule of court to the contrary. See United States v. Chicago, B. & Q. R. Co., 7 Cir., 90 F.2d 161, certiorari denied 302 U.S. 714, 58 S.Ct. 33, 82 L.Ed. 551; United States v. Dieckmann, 7 Cir., 101 F.2d 421; United States v. Certain Lands, etc., D.C.N.Y., 39 F.Supp. 91. In United States v. Chicago, B. & Q. R. Co., supra, a Wisconsin case, Chapter 32 of the Wisconsin Statutes was followed.

Co., 142 Wis. 424, 125 N.W. 903, 27 L.R.A., N.S., 567, 20 Ann.Cas. 707. There the court said (page 430 of 142 Wis., page 906 of 125 N.W.): "It would seem to follow, necessarily, that the court possesses the same inherent power over the award of the commissioners as it does over the determination of triers of fact in any judicial proceeding. * * *" The duties and powers of the commissioners being thus limited, it follows that the court has the duty to decide all matters of law, as it traditionally does in all cases.

■ Ordinarily, the procedure to be followed in any case, including the sequence of the determination of the various phases thereof, are matters resting within the sound discretion of the trial judge, as he is primarily responsible for the just outcome of the case. United States v. Dickson, 5 Cir., 92 F.2d 459; Falvey v. Coats, 8 Cir., 47 F.2d 856, 89 A.L.R. 1; Bischoff v. Hustisford State Bank, 195 Wis. 312, 218 N.W. 353. See also: 28 U.S.C.A. § 731.

■ It follows that if the court has the power to instruct and direct the commissioners in the performance of their duties, and to prescribe the sequence in which matters relating to the cause are to be disposed, it also has the power to decide the dispute between Eline and Lakeside prior to the submission of the question of damages to the commissioners.

This view is buttressed by the provision contained in the last paragraph of Section 258a of Title 40, U.S.C.A., supra, under which the instant declarations of taking were made. This paragraph provides as follows: "Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable." This provision was relied upon by the court in United States v. 53¼ Acres of Land, etc., D.C.N.Y., 42 F.Supp. 746, as giving it ample authority to direct a pretrial of issues almost identical to those presented here. Although not cited by the parties, this case is an authority for granting the motion of petitioner. In that case, as here, the United States brought a proceeding for the condemnation of certain lands needed for the extension of a government navy yard. After judgment on the declaration of taking had been entered, a dispute arose between the city of New York and the Brooklyn Eastern District Terminal, both defendants in the proceedings, as to the legal effect of certain agreements, contracts, leases and franchises which had a bearing upon the claims of the Brooklyn Terminal for compensation due it for the taking. The New York State condemnation law, like the Wisconsin law, made no provision for the trial of conflicting claims as pretrial issues before the determination of questions of value and compensation. The court, however, held (page 747 of 42 F.Supp.): "The claim presented by the defendant, Brooklyn Eastern District Terminal, is in the nature of one for the taking of a franchise or leasehold estate and improvements placed thereon. Therefore, the last mentioned provision [the last paragraph of Sec. 258a, Title 40] together with the rule-making power of the court established by Sec. 730, 28 U.S.C.A., Rev.Stat. 917, and 28 U.S.C.A. Sec. 731, Rev.Stat. 918, vests ample authority in this court to direct a pretrial of the conflicting claims herein presented in advance of the determination of this motion."

The solution of the question thus finally comes to rest upon the determination of that procedure which will best promote the ends of justice. I am of the opinion that the motion should be denied in spite of the contrary disposition which was made in the Brooklyn Terminal case, supra. What are the possible eventualities? Assuming that this court should determine that the lessee was not entitled to any damages, there probably would be an appeal. If this court would then be reversed, the matter would come back to the commissioners, possibly five or six months hence. Any proceedings in the meantime before the commissioners might be of doubtful validity because Lakeside would not be a party. Furthermore, the lessee is of the opinion that not more than a day or two of the commissioners' time would be required to present the testimony upon the issue. If the award made is not satisfactory, there can be a prompt hearing in this court. It would seem that there is a decided balance in favor of following the orderly and usual procedure, rather than that suggested by the petitioner.

The motion of petitioner will be denied.