Samuel JULIAN, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.

United States District Court
S. D. New York.
March 21, 1958.

Mortimer Getzels, New York City, The Legal Aid Society (George D. Covington, New York City, of counsel), for plaintiff.

Paul W. Williams, U. S. Atty., S. D. New York, New York City (Gerard L. Goettel, Asst. U. S. Atty., New York City, of counsel), for defendant.

FREDERICK van PELT BRYAN, District Judge.

This is an action, pursuant to 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare.

Plaintiff, who became entitled to old age insurance benefits under Section 202 (a) of the Social Security Act, 42 U.S.C.A. § 402(a), when he reached 65, in December 1953, was allowed benefits based, as the Act provides, on his average monthly wages prior to reaching that age.

Under Section 215(e) (4) (A) of the Social Security Act, 42 U.S.C.A. § 415(e) (4) (A), wages received by an individual "in any year any part of which was included in a period of disability" are not to be counted in computing his average monthly wages for purposes of determining the amount of his benefits. Section 216(i) of the Act, 42 U.S.C.A. § 416(i) provides that a period of disability means a continuous period of not less than six full calendar months during which there was "inability to engage in any substantial gainful activity by reason of any medically determinable phys-

ical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

A person covered by the Act may file an application for a disability determination, and, if a period of disability is established upon such application, the wages earned in such period are not counted in computing average monthly wages for benefit purposes, as Section 215(e) (4) (A) provides, and there is a so-called "wage freeze".

Plaintiff's earnings during a five and one-half year period immediately before he became 65 were very much less than his prior earnings, and the inclusion of such earnings in the average of his monthly wages for purposes of determining his social security benefits, reduced the benefits payable to him. Claiming that he was unable to engage in any substantial gainful activity during this period because of disability arising from an injury which he had suffered in 1948, plaintiff, on June 28, 1955, filed application under the Act for a disability determination so that his reduced earnings could be excluded in computing his average monthly earnings for benefit purposes.

Plaintiff's application came before the Bureau of Old Age and Survivors Insurance of the Social Security Administration and was denied. Plaintiff took issue with this determination and, at his request, he was granted a hearing on his claim before a referee. At the hearing the record before the Bureau was considered and additional evidence not before the Bureau was taken. On this amplified record the referee determined that the claimant was entitled to the period of disability which he sought.

The Appeals Council of the Social Security Administration, on its own motion, then reviewed the decision of the referee. No further evidence was taken and the Council based its decision solely on the record before the referee. It reversed his decision and determined that the claimant was not entitled to any period of disability under Section 216(i) of the Social Security Act as amended.

In essence, this constitutes the final decision of the Secretary under review here.

The complete record on which the decision was made has been certified to this court. Both parties have moved for summary judgment, relying, as they must, on the record so certified.

Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g), as amended in 1939, 53 Stat. 1370, and thereafter amended by various of the reorganization acts) provides for review by the courts of any final decision of the Secretary. It further provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

The Administrative Procedure Act enacted in 1946 also provides for judicial review· of the action of administrative agencies. Under Section 10 of that Act (5 U.S.C.A. § 1009) "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion. (a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof." The reviewing court shall " * * * hold unlawful and set aside agency action, findings and conclusions found to be * * * (5) unsupported by substantial evidence in any case subject to the requirements of sections 1006 and 1007 of this title or otherwise reviewed on the record of an agency hearing provided by statute * * *." It is further provided that "In making the foregoing determinations the court·shall review the whole record or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error."

The Social Security Act plainly is not excepted from the review provisions of the Administrative Procedure Act under Section 10. The later enacted provisions of Section 10 must be read in *pari materia* with those of the Social Security Act. Cf. Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676, 685–687;

United States ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457. Without dealing with the question of whether, at this time, the scope of review provided in the Administrative Procedure Act is any broader, as a practical matter, than that in the Social Security Act,[1] the review to be made in the case at bar must meet the standards set by the more expansive language of the later act.

■ Thus, while no hearing *de novo* may be had by the court and any actions, findings and conclusions of the Secretary supported by substantial evidence are conclusive on the reviewing court, the courts "must be influenced by a feeling that they are not to abdicate their conventional judicial functions" and are responsible for assuring that an agency "keeps within reasonable grounds." Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456. The record as a whole must be reviewed and the court must set aside any actions, findings and conclusions unsupported by substantial evidence. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483; Universal Camera Corp. v. National Labor Relations Board, supra; Gooding v. Willard, 2 Cir., 209 F.2d 913, 916.

■ The Court of Appeals of this circuit in the Gooding case described the application of this "substantial evidence" test in the following language:

"* * * 'substantial evidence' means more than evidence which, considered by itself alone, would be sufficiently persuasive to induce the trier of fact to give it the credence and weight essential to support findings. It must have those characteristics to such an extent that in the setting made by the entire record the trier may reasonably find in accordance with it after giving due consideration to whatever else is shown both in opposition or in accord. Judicial review has been extended by the Administrative Procedure Act to embrace adequate exploration of the record as a whole to enable the reviewing court to arrive at its own judgment in determining that."

This is the standard to be applied here.

Plaintiff does not question the fairness of the hearing afforded him, or the procedures followed before the Social Security Administration. The sole question is whether, on the record as a whole, the findings and conclusions of the Appeals Council that the plaintiff did not incur a disability of such severity as would preclude him from engaging in any kind of substantial gainful activity, and its consequent decision that plaintiff was not entitled to a period of disability under Section 216(i) of the Social Security Act, are supported by substantial evidence in the certified record. Upon a careful review of the entire record I find that the findings, conclusions and decision of the Council were supported by such evidence.

At the hearing before the referee the plaintiff himself testified orally and he introduced written letter reports from three doctors, two of whom had examined him, and one of whom had treated him. The records of the Social Security Administration relating to plaintiff, including those before the Bureau of Old Age and Survivors Insurance, were placed in evidence. These records showed, among other things, plaintiff's reported quarterly earnings during the entire period of his social security coverage, including the period of alleged disability.

In his decision the referee, after summarizing the evidentiary facts, found

"that the claimant has been totally disabled and unable to engage in any substantial gainful activity by reason of the described disabilities since June 18, 1948 as indicated by

1. Cf. Ferenz v. Folsom, 3 Cir., 237 F.2d 46; certiorari denied 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551; Hobby v. Hodges, 10 Cir., 215 F.2d 754; Crooks v. Folsom, D.C.E.D.N.Y., 156 F.Supp. 631; Fuller v. Folsom, D.C.W.D.Ark., 155 F.Supp. 348; Irvin v. Hobby, D.C. Iowa, 131 F.Supp. 851.

the foregoing medical reports. The medical diagnosis of the claimant's disability as evidenced clearly confirms the medical opinion and observation of the referee as to the extent and period of the claimant's disability. The claimant's unsuccessful efforts to engage in substantial employment by obtaining periodic work are not proof that he was able to engage in substantial employment."

He therefore decided

"that the claimant is entitled to a period of disability under the provisions of the Social Security Act since the evidence reflects he has been unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration."

On its review of the referee's decision on its own motion the Appeals Council "incorporated by reference" the referee's statement as to the evidentiary facts but refused to adopt "any of the inferences or findings or conclusions of the referee based upon the evidentiary facts." It summarized the pertinent facts in the case as follows:

"The claimant, by occupation a chef, on June 18, 1948, at age 59½ years, while walking up metal steps at his place of employment, slipped and fell to the cellar, injuring his right leg and back. The claimant's medical disabilities consist of arthritis of the right knee, of the left hip, and of lower lumbar spine. The record shows, however, that after the claimant's injury on June 18, 1948, he has acquired fourteen quarters of coverage after the second quarter of 1948 up to the fourth quarter of 1953, when he attained age 65; that is, the claimant has acquired fourteen quarters of coverage in the twenty-one elapsed quarters

from the calendar quarter in which he incurred the injury and prior to the quarter in which he attained age 65."

The Appeals Council went on to say:

" * * * Such record of employment subsequent to the receipt of injuries will not support a finding that the claimant has incurred a disability of such severity as will preclude him from engaging in any kind of substantial gainful work, and the Appeals Council so finds."

It therefore reversed the decision of the referee and determined that the claimant was not entitled to a period of disability under Section 216(i) of the Social Security Act.

 The differences between the referee and the Appeals Council were as to the inferences and conclusions to be drawn from the same set of evidentiary facts. The Appeals Council was not bound by the inferences and conclusions drawn by the referee but could make such inferences and conclusions of its own as might reasonably be drawn from the facts.

Whether such inferences and conclusions were reasonable or not depends in large measure upon the meaning of the phrase in Section 216(i)—"inability to engage in *any* substantial gainful activity." There are apparently no regulations of the Social Security Administration which set any standards for evaluating what constitutes any substantial gainful activity. The reports of the Senate Committee on Finance and the House Committee on Ways and Means relating to these provisions [2] throw little light on the problem.

In discussing the definition of disability used in the prospective statute the Committees point out that "Only those individuals who are totally disabled may qualify" and the impairment "must * * * preclude the individual from performing *any* substantial gainful

2. Senate Committee on Finance, Report No. 1987, pp. 20–21; House Committee on Ways and Means, Report No. 1698, p. 23, 83rd Cong., 2nd Sess.

work." While "efforts toward rehabilitation will not be considered to interrupt a period of disability, until the restoration of the individual to gainful activity is an accomplished fact" it is required "that the individual be disabled not only for his usual work but also for any type of substantial gainful activity." But this does not give any real clue to the standards which should be applied in a specific case.

No case has been called to my attention construing or applying the language of Section 216(i) and my research has disclosed none. However, cases dealing with "total permanent disability" under the War Risk Insurance policies issued by the Government to servicemen during the First World War furnish a useful analogy.

Under regulations issued by the Veterans' Administration pursuant to Section 5 of the World War Veterans' Act, 43 Stat. 608, 38 U.S.C.A. § 426, and Section 13 of the War Risk Insurance Act of 1917, as amended, 40 Stat. 398, 555, "total disability" as used in such policies was defined as follows:

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed in Articles III and IV, to be total disability."

"Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

The definition of total disability is not dissimilar to the definition of disability used in the Social Security Act.

In order to recover for total permanent disability under a War Risk policy it was necessary for the insured to show that he was totally and permanently disabled prior to the termination of the policy. The question frequently arose as to whether the fact that the insured had been able to do, or had actually done, work of an intermittent or sporadic na-

ture prior to the expiration of the policy, necessarily and as a matter of law, established that he did not have a total permanent disability and thus precluded him from recovery on the policy. It was repeatedly held that such facts did not, as a matter of law, establish that total permanent disability did not exist within the necessary period, but that, as stated in Lumbra v. United States, 290 U.S. 551, 558–560, 54 S.Ct. 272, 275, 78 L.Ed. 492:

"The phrase 'total permanent disability' is to be construed reasonably and having regard to the circumstances of each case * * *. 'Total disability' does not mean helplessness or complete disability, but it includes more than that which is partial."

But in each case involving such facts the question presented for decision was whether or not the issue as to total permanent disability should have been submitted to the jury as the trier of the facts rather than determined as a question of law. The cases were unanimous in holding that it lay with the jury to determine whether or not the insured had been totally and permanently disabled within the required period; that the amount and character of gainful activity engaged in by the insured was to be considered by the jury with all the other evidence in determining that question; and that it was up to the jury to determine the weight and effect to be given to it. E.g., United States v. Holland, 9 Cir., 111 F.2d 949; United States v. Higbee, 10 Cir., 72 F.2d 773; Burgoyne v. United States, 61 App.D.C. 97, 57 F.2d 764; Ford v. United States, 1 Cir., 44 F.2d 754; Calvey v. United States, D.C.Pa., 27 F.Supp. 359; United States v. Hill, 9 Cir., 99 F.2d 755; Sprow v. United States, 7 Cir., 99 F.2d 38; Coyner v. United States, 7 Cir., 103 F.2d 629; Robinson v. United States, 2 Cir., 87 F.2d 343; United States v. Pearson, 10 Cir., 65 F.2d 996.

██ Similarly, under the language of Section 216(i), it cannot be said in the case at bar that the facts as to plaintiff's

earnings during 14 of the 21 quarters between the time of his accident and the time when he attained the age of 65, as a matter of law, negatived his "inability to engage in any substantial gainful activity" during that period. On the other hand, such facts are plainly to be considered by the Appeals Council, the Administrative Body charged with determining the question of whether plaintiff has shown that he has such inability. The weight and effect to be given to such facts and the inferences and conclusions to be drawn from them are for the Council and not for this court. If the findings, conclusions and decision of the Council are such as could be reasonably made from all the evidence they may not be disturbed on this review even though the court should differ from them.

■ While reasonable men might differ as to the findings and conclusions under review, they cannot be said to be unsupported by substantial evidence. The record of plaintiff's earnings during the period of claimed disability, and prior thereto, weighed and evaluated against the other evidence before the Council, was evidence from which it reasonably could have drawn the inference or conclusion that plaintiff had not shown his inability to engage in any substantial gainful activity. This is so, even though different inferences and conclusions might equally reasonably have been arrived at.

In the light of the plaintiff's earning record the Appeals Council was not required to accept at its face value plaintiff's somewhat sketchy testimony to the effect that he was unable to work at all from the date of his accident on June 18, 1948 until September 1949, and thereafter was able to work only intermittently and sporadically for a few days at a time from then until 1954, when he ceased work altogether.

The record of earnings shows that plaintiff had four quarters of earnings sufficient to give him social security coverage in 1948, the year of his accident. He earned $237 and $204 in the first two quarters of that year prior to his acci-

dent, and $231 and $187 respectively in the last two quarters, contrary to his testimony that he was unable to work at all from June 1948 to September 1949. In fact, during 1948, he made approximately as much after he was injured as he did before. From the time when he was injured in June 1948 until December 1953, when he became 65, he had sufficient earnings to obtain social security coverage in 14 quarters out of 21 with earnings of $239 in 1949, $477 in 1950, $942 in 1951, $104 in 1952, and $584 in 1953. He also had one quarter of coverage in 1954, after he had reached 65, with earnings of $449.

In the year 1951 his earnings of $942 were more than half of his average earnings of $1,863 for the six years before the accident, and more than the maximum he earned in any one of the four years prior to that. In the third quarter of 1953, immediately preceding the quarter in which he reached 65, he earned $469, a monthly rate of more than $155 a month.

It may be noted that Section 216(i) requires that the period of disability must be a continuous period of not less than six full calendar months, and that no such period can begin after the individual attains the age of 65.

This earnings pattern, though irregular, shows that there were substantial earnings in a number of quarters and some earnings in most. It might reasonably have been found to be both inconsistent with plaintiff's own testimony and with his claim of inability to engage in substantial gainful activity during the required continuous period.

■ The medical reports produced by the plaintiff do not require that a contrary result be reached. The Council was entitled to weigh and evaluate this testimony also in the light of its own experience and competence and against the background of the earnings record.

■ The disability which plaintiff claims is arthritis of the right knee, hip and low back which developed as a result of his accident. It is common knowledge

among those experienced in the disability field that this condition does not immediately arise as a result of injury but develops progressively and over a period of time.

The report of Dr. Wishner, while indicating that plaintiff had been totally disabled some two and one-half months after the accident, indicates that there was improvement thereafter, and expresses no opinion as to the extent of plaintiff's disability when Dr. Wishner last examined him in September 1949. The report of Dr. Greenberg, who treated plaintiff from his accident until January 1951, merely says that "as far as I know" he has not been physically able to work during the above period, and this again is contrary to the earnings record.

There is nothing to show that plaintiff had any medical examination or treatment from January 1951 until he was examined by Dr. Schmier on August 16, 1955, more than seven years after the accident, and more than four years after Dr. Greenberg had ceased to treat him. Dr. Schmier states in a report dated July 25, 1956 that "from a practical standpoint plaintiff is totally disabled and has been so since 1948." It might reasonably be concluded that this statement begs the question, and that Dr. Schmier's diagnosis in 1956 could not be said conclusively to establish plaintiff's inability to engage in any substantial gainful activity from June 1948 to December 1953. The same can be said of the referee's own observation of the plaintiff made at the 1956 hearing.

The weight and credibility to be given to the medical evidence as against the record of earnings was for the Council to determine and is not for the reviewing court.

For these reasons, upon the record as a whole, I find that the findings, conclusions and decision of the Appeals Council that plaintiff did not incur a disability of such severity as to render him unable to engage in any kind of substantial gainful activity, and that the claimant was therefore not entitled to a period of disability under Section 216(i) of the Social Security Act as amended, were not unsupported by substantial evidence under the standards set by Section 10 of the Administrative Procedure Act. The decision of the Appeals Council constituting the final decision of the Secretary is therefore affirmed.

Settle order.