**Lynn CUNNINGHAM, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 9336.**

United States District Court
N. D. Alabama, S. D.

Sept. 22, 1959.

Cooper, Mitch, Black & Crawford, Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., for defendant.

GROOMS, District Judge.

This matter came on for hearing on August 25, 1959, upon the defendant's motion for summary judgment. This action is to review the decision of the referee disallowing a period of disability as of January 5, 1951, or at any date prior to January 1, 1953. The Court has carefully read the transcript of the proceedings below and has also reviewed the authorities that might have any bearing upon the determination of the issue presented.

Plaintiff's review appears to be primarily predicated upon the testimony of lay witnesses as to his disability, and at least one medical witness whose report of March 21, 1958, revealed that the plaintiff was totally and permanently disabled as of the latter date "and has been for several years." Referring to testimony of the same general nature, the Court, in Fuller v. Folsom, D.C.W.D.Ark., 155 F.Supp. 348, at page 354, said:

"It is true that plaintiff testified that in his opinion he was not able to engage in any kind of work. But there was no substantial medical evidence to substantiate plaintiff's opinion. The medical report of Dr. Samuel K. Lewis indicates that in 1945 he diagnosed plaintiff's condition as malignant hypertension.' With regard to clinical findings he stated 'All other tests were negative at that time, but the hypertension persisted in spite of therapy known at that time.' Under 'Remarks,' Dr. Lewis stated: 'This man was not doing the job he was on because of the hypertension and I advised him to seek less strenuous employment.' In answer to a query as to the date of the plaintiff's last medical examination, Dr. Lewis stated '1945'.

"The only other medical evidence was the medical report of Dr. D. L. Owens, and that report indicates that Dr. Owens only treated plaintiff for colds, etc., from 1946 until the latter part of 1955.

"In view of the absence of any substantial medical evidence to support plaintiff's contentions, the Court is of the opinion that the Referee was correct in concluding that the evidence was insufficient to establish a period of disability within the meaning of 42 U.S.C.A. § 416 (i)."

In Julian v. Folsom, D.C.S.D.N.Y., 160 F.Supp. 747, at page 754, the Court observed:

"There is nothing to show that plaintiff had any medical examination or treatment from January 1951 until he was examined by Dr. Schmier on August 16, 1955, more than seven years after the accident, and more than four years after Dr. Greenberg had ceased to treat him. Dr. Schmier states in a report dated July 25, 1956, that 'from a practical standpoint plaintiff is totally disabled *and has been so since 1948.*' It might reasonably be concluded that this statement begs the question, and that Dr. Schmier's diagnosis in 1956 could not be said conclusively to establish plaintiff's inability to engage in any substantial gainful activity from June 1948 to December 1953. The same can be said of the referee's own observation of the plaintiff made at the 1956 hearing." (Emphasis supplied.)

I am of the opinion that the findings, conclusions and decision of the Referee of the Appeals Council that the claimant

was not entitled to a period of disability under § 216(i) of the Social Security Act, as amended, were not unsupported by substantial evidence.

It is, therefore, ordered, adjudged and decreed that the defendant's motion for summary judgment be and the same is hereby granted and the decision of the Appeals Council constituting the final decision of the Secretary is, therefore, affirmed.